(No. 11201.—Judgment reversed.)

THE ALBAUGH-DOVER COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed April 19, 1917.*

1. CORONERS—*when coroner is not authorized to hold inquest.* Where a person under the care of a physician dies of tuberculosis of long standing, and there is no supposition that he came to his death by violence, casualty or any undue means, the coroner is not authorized to hold an inquest over the body, as it is only in cases within the statute that a coroner's jury may inquire into the facts concerning the death.

2. SAME—*coroner's jury cannot fix civil liability of anyone for death of an injured person.* It is not within the province of a coroner's jury to fix civil liability of anyone growing out of the death of an injured person, except so far as the finding required by the statute to be made may have such effect.

3. WORKMEN'S COMPENSATION—*burden is on claimant to prove an injury arising out of employment.* The burden is on the claimant in a proceeding under the Workmen's Compensation act to show, by direct or circumstantial evidence, an accidental injury arising out of and in the course of the employment, and a finding in such proceeding cannot rest on mere guess, conjecture or possibility.

4. SAME—*disease and death subsequent to injury must be shown to have some connection with the alleged injury.* On a review of the finding of the Industrial Board the court does not pass on the weight of the evidence as to controverted facts, but it is essential that there should be competent evidence fairly tending to prove the occurrence of an injury and that it arose out of the employment, and where the injured employee contracted a disease after receiving the injury and died, there must be evidence tending to connect the diseased condition with the alleged injury.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

F. J. CANTY, and J. C. M. CLOW, for plaintiff in error.

HARRY H. FELGAR, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 22, 1915, Joseph Hausknecht applied for adjustment of a claim which he made for an injury alleged to have occurred on January 5, 1915, while he was in the employ of the Albaugh-Dover Company, the plaintiff in error. There was a hearing before an arbitrator on October 20, 1915, and on October 29, 1915, the arbitrator filed with the Industrial Board his finding that the applicant was not entitled to compensation. The applicant then filed his petition for review by the Industrial Board, and on January 11, 1916, he died. After his death the widow and heirs made an application for compensation, and the cases were consolidated and the administrator of the estate substituted. There was a hearing before the chairman of the board on March 23, 1916, at which additional testimony was introduced by both parties. On July 18, 1916, a decision of the Industrial Board was filed reversing the finding of the arbitrator and ordering the plaintiff in error to pay $6.62 per week from seven days after the date of the accident until the death of Hausknecht and $6.62 per week for a period of 416 weeks from and after the date of the accident, less the time intervening between seven days after the accident and the death of Hausknecht. The plaintiff in error took the record to the circuit court of Cook county by writ of *certiorari,* and the court on November 11, 1916, entered an order confirming the award of the Industrial Board and certified that the case was one proper to be reviewed by this court.

The defenses were that there was no connection between the disease or disability of Hausknecht or his death and the injury alleged, and that the plaintiff in error never had any notice, actual or constructive, of the alleged injury until about six months after it occurred.

At the first hearing on the application of Hausknecht he testified that on January 5, 1915, he and another workman were wheeling a load of castings in a box on a truck down a chute or inclined runway; that the other man was at the upper end, holding the handles of the truck, and he was in front of it, holding it back; that the other man slipped and fell and the truck ran against Hausknecht and pushed him over and swung him around against a door; that the box hit him on the left side, between the navel and the hip and a little lower than the direct line; that the straw-boss asked him if he got hurt, to which he replied. that he did not get hurt but got a strain as though they had put an electric wire on him or an electric shock; ·that he did not think, at the time, the injury amounted to anything but felt a sharp pain in his side; that there was no mark of the injury and no discoloration, and he continued to work until June 6, 1915; that sometimes he could not do the heavy work and sometimes the boss gave him a lighter job; and that he first notified the general foreman on June 5, 1915, when he quit work and was sent to the company doctor, who treated him for eight weeks and refused to treat him afterward. The straw-boss denied that he had any notice of an injury until about two days before Hausknecht quit work, and the general foreman denied that he had any such notice until June or July, 1915. A doctor testified that he made an examination of Hausknecht in the forepart of June, 1915, and found a suppurating sinus in the region of the epididymis, which was remote from the point of the injury. That doctor did not treat him but advised him to go back to the physician who was taking care of him. Another doctor testified that on examination of

Hausknecht on July 5, 1915, he found the open discharging sinus testified to by the other doctor; that he found restricted breathing over the apex of the right lung, and that two days later he examined the sputum and found tubercular bacilli in large quantities. This doctor merely made an examination. A third doctor who treated Hausknecht testified that he first saw him at his home on September 1, 1915; that he found the sinus and an abscess in the epididymis, which was very badly adherent; that the suppurating spot covered an area of about the size of a dime, and that he performed an operation by removing the same and the parts affected. At that examination he found a suspicious spot in the lungs, and from that time tuberculosis progressed rapidly, and death occurred in the following January from miliary tuberculosis, which is tuberculosis accompanied by eruption or rash. The doctors all testified that if there were tuberculosis bacilli in the system and a bruise resulted from an injury the bacilli would go to that spot; that if there was a latent tubercular condition it would develop at a point where a blood clot was thrown out, forming a seat and location for the growth of germs, and that the condition they found could only result from a bruise of the cord which passed up through the inguinal ring. No one of them found any evidence of such a bruise as a result of the injury to Hausknecht, and there was no difference of opinion that a tubercular condition resulting from a blow would develop at the point of the blow as the seat of the condition and could not develop from a strain. There was a total absence of any evidence whatever connecting the tubercular condition with the injury of January 5, 1915.

The administrator offered in evidence the verdict of the coroner's jury upon the death of Hausknecht, finding that he came to his death on January 11, 1916, by miliary tuberculosis, and that the tuberculosis was due to an injury sustained on January 5, 1915, while the deceased was helping

to move a truck on the third floor of the Albaugh-Dover plant, located at Twenty-first street and Marshall boulevard, while he was in the employ of said company. The coroner's verdict was objected to, and the record recites that it was admitted subject to objection, but it was recited in the order of the Industrial Board as having been introduced in evidence and was treated as legitimate evidence. The statute requires a coroner, whenever or as soon as he knows or is informed that the dead body of any person is found or is lying dead in the county supposed to have come to its death by violence, casualty or any undue means, to summon a jury and hold an inquest to inquire into the cause and manner of the death. Hausknecht died under the care of a physician, of tuberculosis of long standing, and there was no supposition that he came to his death by violence, casualty or an undue means, so that the coroner was not authorized to hold any inquest over his body. It is only in cases within the statute that a coroner's jury may inquire how, in what manner and by whom the dead body came to its death and the other facts of and concerning the same. In any case, it is not within the province of a coroner's jury to fix civil liability of anyone growing out of the death of an injured person, except so far as the finding required by the statute to be made may have such effect. (*Novitsky* v. *Knickerbocker Ice Co.* 276 Ill. 102.) It was error to admit in evidence the verdict of the coroner's jury.

The burden of proving the essential facts to establish the claim that there was an injury and that it arose out of the workman's employment rested upon the claimant. (*Armour & Co.* v. *Industrial Board,* 273 Ill. 590.) The claimant must show, by direct or circumstantial evidence, an accidental injury arising out of and in the course of the employment, and a finding under the Workmen's Compensation act cannot rest on mere guess, conjecture or possibility. On a review of the finding of the Industrial

Board the court does not pass on the weight of the evidence as to controverted facts, but it is essential that there should be competent evidence fairly tending to prove the occurrence of an injury and that it arose out of the employment. Leaving out the verdict of the coroner's jury there was no evidence before the Industrial Board tending in any degree to connect the diseased condition of Hausknecht or his subsequent death with the alleged injury on January 5, 1915, and the finding of the board being based on nothing more than surmise or possibility, it cannot be sustained.

The question whether the plaintiff in error had notice of the injury within thirty days after it occurred will not be considered.

The judgment of the circuit court and the finding of the Industrial Board are reversed.　　*Judgment reversed.*

---

(No. 11298.—Reversed and remanded.)
SOPHIE SPIEHS, Admx., Appellee, *vs.* SAMUEL INSULL, Receiver, Appellant.

*Opinion filed April 19, 1917.*