## SWING *v.* KOKOMO STEEL AND WIRE COMPANY.

[No. 10,556.    Filed December 17, 1919.    Rehearing denied May
27, 1920.    Transfer denied March 10, 1921.]

1. MASTER AND SERVANT. — *Workmen's Compensation Act.* —
*Finding of Facts.—Sufficiency.*—A finding of facts filed by the
Industrial Board *held* such a finding as is contemplated by
§8020r2 Burns' Supp. 1918, Acts 1917 p. 154.  p. 127.

2. MASTER AND SERVANT. — *Workmen's Compensation Act.* —
*Finding of Facts.—Sufficiency to· Sustain Award.*—Where the
Industrial Board expressly stated in its finding of facts, in a
proceeding for compensation under the Workmen's Compensa-
tion Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918),
that the evidence did not show, and that the board could not
find, that the death of. applicant's husband was due to an in-
jury arising out of and in the course of his employment, the
finding was sufficient to sustain an award denying compensa-
tion, since, as a prerequisite to· an award of compensation, the
board must find that the employe received his injury by an
accident arising out of and in the course of his employment.
p. 127.

3. MASTER AND SERVANT. — *Workmen's Compensation Act.* —
*Burden of Proof.*—The burden of establishing each fact neces-
sary to a legal award of compensation under the Workmen's
Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns'
Supp. 1918), rests upon the applicant.  p. 13

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Evi-
dence.—Sufficiency.*—In a proceeding under the Workmen's
Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp.
1918), for compensation, proof of facts necessary to a legal
award must be based upon something more than mere guess,
conjecture, surmise or possibility, although such proof may
be made by circumstantial as well as direct evidence.  p. 130.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—In-
dustrial Board May Weigh Evidence.*—The Industrial Board,
in determining whether an applicant for compensation has dis-
charged the burden of establishing the facts necessary to a
legal award of compensation, may not only weigh the evi-
dence, but may also draw reasonable inferences from such facts
as it deems established thereby.  p. 130.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Ap-
peal.—Review.—Findings of the Industrial Board.*—When the
Industrial Board in a proceeding under the Workmen's Com-

Swing *v.* Kokomo Steel, etc., Co.—75 Ind. App. 124.

pensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), has reached a conclusion as to the ultimate facts which have or have not been established, and has embodied such conclusion in a finding of facts as the statute requires, the Appellate Court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion, but in order to reach a contrary conclusion, the court may not weigh the evidence nor disregard any reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish.  p. 130.

7. MASTER AND SERVANT. — *Workmen's Compensation Act.* — *Findings.*—*Sufficiency of Evidence to Sustain.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), for compensation for the death of applicant's husband, a finding by the Industrial Board that the death of the husband was not due to injury by accident arising out of and in the course of his employment *held* sustained by the evidence.  p. 131.

8. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Appeal.*—*Harmless Error.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), where the Industrial Board's finding, which was sustained by the evidence, that decedent's death was not due to injury by an accident arising out of and in the course of his employment, any other error in the board's finding was harmless, since there was no legal basis for an award.  p. 131.

9. EVIDENCE.—*Admission of Evidence.*—*Workmen's Compensation Act.*—Where, in a proceeding before the Industrial Board, a physician qualified as an expert, and gave his answer to a proper question; the fact that he volunteered a statement, not responsive to the question asked, before answering the same, would not require an exclusion of his answer, or render its consideration error.  p. 131.

10. CONSTITUTIONAL LAW.—*Validity of Statute.*—*Right to Challenge.*—One who attempts to avail himself of the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), cannot question the constitutionality of the act.  p. 132.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Eliza K. Swing against the Kokomo Steel and Wire Company.  From an award denying compensation, the applicant appeals.  *Affirmed.*

*Barnabas C. Moon, James L. Overson* and *Arthur G. Manning,* for appellant.

*Joseph W. Hutchinson,* for appellee.

BATMAN, J.—Appellant filed her claim against appellee before the Industrial Board of Indiana, under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) alleging, among other things, that on October 14, 1918, her husband, Henry G. Swing, died as a proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by appellee.

On a hearing before the full Industrial Board the following finding of facts was made: "And the full board having heard the argument of counsel, having reviewed the evidence and being duly advised in the premises finds that on the 14th day of October, 1918, one Henry G. Swing was in the employment of the defendant at an average weekly wage in excess of $24.00; that on said date, while upon the defendant's premises and within the hours when he was required to be at work under his employment, the said Henry G. Swing suddenly died; that the evidence does not show that his death was due to an injury by an accident arising out of and in the course of his employment with the defendant; that he was not working at the time of his death and was not engaged in the discharge of the duties of his employment and was not performing any act incident thereto; that the evidence does not show that he suffered any injury from any accident arising out of the performance of his work or the performance of any act incident thereto. And the full board cannot find and does not find from the evidence, that his death was due to an injury by an accident arising out of and in the course of his employment; that the said Henry G. Swing left surviving him the plaintiff, his wife, and a granddaughter,

both of whom were living with him, and with himself constituted his family and both the plaintiff and the said granddaughter were wholly dependent upon the said Henry G. Swing for support; that the burial expense of the said Henry G. Swing exceeded one hundred dollars." Based upon this finding, the board ordered that appellant take nothing by her complaint. From this order appellant has appealed, and has assigned errors which require a consideration of the questions hereinafter determined.

Appellant contends that the finding of facts filed by the Industrial Board with the award in this cause is not such a finding as is contemplated by §8020r2 Burns' Supp. 1918, Acts 1917 p. 154, and that the court erred in neglecting to file such a finding of facts as required by said section. The latest expression of this court with reference to this contention is found in the case of *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196. In the light of that decision we cannot sustain appellant's contention.

1.

Appellant contends that the award of the Industrial Board is contrary to law for the following reasons: (1) The facts found are insufficient to sustain the award. (2) The evidence is insufficient to sustain the finding of facts. As pertinent to the first reason on which appellant bases her contention, we should bear in mind that there are five ultimate facts which must be found before there is a legal basis for an award of compensation. Two of these are that the employe received his injury by accident, and that such accident arose out of and in the course of his employment. *Muncie Foundry, etc., Co.* v. *Thompson, supra.* In the instant case the Industrial Board has expressly stated in its finding of facts that the evidence does not show, and the board cannot and does not find, that the

2.

death of appellant's husband was due to an injury by accident arising out of and in the course of his employment. It is obvious that, under such a finding appellant was not entitled to an award of compensation, and hence the first reason on which she bases her contention that the award is contrary to law is not well grounded.

But appellant contends that the evidence is insufficient to sustain that portion of the finding of facts which we have held precludes an award in her favor. This contention requires us to review the evidence in that regard. The evidence introduced before the Industrial Board tends to show that the husband of appellant was fifty-three years old, and in the employ of appellee; that he had been so employed for about five weeks; that his work consisted in piling billets in cordwood style under a monorail, which would pick them up and carry them away; that he was assisted in his work by another employe of appellee; that they would place about eighteen billets in a pile, and then wait until the monorail moved them away before making another pile; that while they were thus waiting there was no work for them to do; that, on the occasion of the death of appellant's husband, he and his assistant had finished making a pile of billets, and were waiting for the monorail to come and take them away; that, while thus waiting, he left the place where he was required to be when piling billets, and went over toward the west side of the yard in which he was working; that in so doing he crossed over a small railroad track, which lies in a little cut with sloping banks; that after he had crossed over this track he stood on the west side thereof, near the top of the bank, and was telling another employe of appellee about being criticised for taking so much time to eat his dinner; that about that time a clamp fell some twenty feet from where he was standing, making a noise which attracted the attention of the employe to whom he was talking;

that the person to whom he was talking was not his foreman, and that he had not gone over to that part of the yard in the discharge of any duty he owed appellee; that while so standing at such place he did not stumble or slip, but "just fell down like he was shot or something * * * just fell down * * * fell suddenly * * * just kind of fell over * * * sunk down and then slid down to the track"; that he did not attempt to catch at anything to arrest his fall, and did not make any struggle or outcry; that after falling his head lay against a cement post which it may have struck; that his fellow workmen picked him up and carried him on the inside of the building, where he was found to be dead; that the place at which he fell was from thirty to thirty-five feet from the place he was required to be when piling billets; that the place where he was standing was about five feet from the track, and the bank at that point sloped gradually toward the track with a fall of about two feet; that he was wearing a pair of new shoes on the day of his death; that prior to his fall he was apparently in good health, although a few days before he had complained two or three times about his back hurting him. There was no evidence that appellant's husband was struck by anything, that he had been overheated or given a fright, that he had received a strain, or had any disease which his work accelerated, or that his work had produced or contributed to any condition which resulted in his death. The physician who examined him found he had a broken neck, and testified that his death was probably due to this cause, although it might have been caused from a stroke of apoplexy or heart trouble; that he might have died just the same if his neck had not been broken; that the breaking of his neck was a sufficient cause for his death, but that the actual cause could only be as-

certained by a post mortem examination, which was not had. The physician also stated that, if a man was standing on the ground at the top of a bank, sloping down gradually to a depth of from two to two and one-half feet, over a distance of from four to five feet, and should suddenly sink down, without stumbling or slipping, making no outcry, or struggle to catch himself in falling, in his opinion such fall would be due to a sudden attack of disease of the brain or heart.

In determining the question now under consideration we must remember that the burden of establishing each fact necessary to a legal award of compensation 3-4. rests on the applicant (*Union Sanitary Mfg. Co. v. Davis* [1917], 64 Ind. App. 227, 115 N. E. 676), and that the proof by which such burden is discharged must be based on something more than mere guess, conjecture, surmise, or possibility. *Ohio Bldg., etc., Co. v. Industrial Board* (1917), 277 Ill. 96, 115 N. E. 149; *Albaugh-Dover Co. v. Industrial Board* (1917), 278 Ill. 179, 115 N. E. 834; *Peoria R. Terminal Co. v. Industrial Board* (1917), 279 Ill. 352, 116 N. E. 651. Such proof, however, may be made by circumstantial as well as direct evidence. And the Industrial 5. Board, in determining whether such burden has been discharged, may not only weigh the evidence but may also draw reasonable inference from 6. such facts as it deems established thereby. When the Industrial Board has discharged its duty in this regard, and has reached a conclusion as to the ultimate facts which have or have not been established, and has embodied such conclusion in a finding of facts as the statute requires, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion. *Indianapolis Heat, etc., Co. v. Fitzwater* (1919), 70 Ind. App. 422, 121 N. E. 126; *Bloomington, etc., Stone Co.*

v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *In re Meyers* (1917), 64 Ind. App. 602, 116 N. E. 314; *Hege & Co.* v. *Tompkins* (1919), 69 Ind. App. 273, 121 N. E. 677. However, in order to reach a contrary conclusion, we may not weigh the evidence, nor may we disregard any reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276; *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527; *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555; *Sugar Valley Coal Co.* v. *Drake* (1917), 66 Ind. App. 152, 117 N. E. 937; *Polar Ice, etc., Co.* v. *Mulray* (1918), 67 Ind. App. 270, 119 N. E. 149; *Pittsburgh, etc., R. Co.* v. *Gallivan* (1919), 188 Ind. 722, 121 N. E. 446. Applying these well-established rules to the evidence in this case, we fail to find that it is of such a conclusive character as to require us to hold that the court erred in failing to find that the death of appellant's husband was due to an accident arising out of his employment with appellee, and thereby in effect finding that the contrary is true. A casual reading of the evidence makes this fact so apparent as to render a discussion in that regard unnecessary. Having reached this conclusion, we need not determine whether there was any error in any other finding made by the Industrial Board, as any such error would be harmless, since there would be no legal basis for an award in the absence of a finding of the particular fact indicated above.

Appellant also contends that the Industrial Board erred in receiving and considering the evidence given by Dr. Darling in answer to the hypothetical question with reference to the cause of the fall of appellant's husband on the occasion of his death. We cannot concur in this contention. The witness

qualified as an expert, and gave his answer to a proper question, as indicated in the statement of the evidence above set out. The fact that he volunteered a statement not responsive to the question asked, before answering it, would not require an exclusion of his evidence in that regard or render its consideration error in an ordinary civil action, much less in a proceeding before the Industrial Board, where the rules relating to the admission of evidence are much rclaxed.

Appellant finally contends that the Industrial Board has no jurisdiction of the subject-matter of this action. She bases this contention on a claim that the

10. Workmen's Compensation Act, supra, of this state is void, as to certain of its provisions, by reason of being in conflict with certain provisions of the Constitution. It suffices to say in answer to this contention that appellant, having attempted to avail herself of the provisions of said act, is not in a position to question the same. Hart v. Folsom (1899), 70 N. H. 213; 47 Atl. 603; Home Sav. Bank v. Morris (1909), 141 Iowa 560, 120 N. W. 100; Lewis v. Chamberlain (1914), 69 Ore. 476, 139 Pac. 571; Ross v. Lipscomb (1909), 83 S. C. 136, 137 Am. St. 794. We find no error in the record. The award is affirmed.