BUHNER ET AL. v. BOWMAN ET AL.

[No. 11,860.   Filed April 10, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Dependency.—How Determined.—Statute.*—When claimants for compensation do not come within any of the classifications in subdivisions (a) to (e) of §38 of the Workmen's Compensation Act (Acts 1919 p. 158, §8020v1 Burns' Supp. 1921), they come within that clause of the law which provides that, in all other cases, the question of dependency "shall be determined

in accordance with the fact", which means that the matter of dependency must be established by evidence. p. 397.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Total Dependency.—Parents of Employee.*—The father and mother of an employee who was accidentally killed while working for his employer were not "wholly dependent" on the son where the father owned a small farm, on which he kept cows and poultry, and sold eggs and had a vegetable garden, though, when the produce sold was not sufficient to pay for all the supplies needed, the son paid for any additional articles needed. p. 398.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.— "Wholly Dependent".—Sister of Employee.*—A thirty-six year old sister of an employee who lived with her parents on a farm owned by them, and who earned money as a factory employee, was not "wholly dependent" on the brother within the meaning of the Workmen's Compensation Act, though occasionally she did housework for him, for which he gave her money to buy shoes, clothing, etc. p. 398.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.— "Earnings" of Employee.—Team and Wagon not Included.*—In determining and fixing compensation under the Workmen's Compensation Act, only the earnings of the employee, as such, can be taken into consideration, and this does not include money paid to him for the use of his team and wagon in doing hauling for his employer. p. 399.

From Industrial Board of Indiana.

Proceeding by William H. Bowman and others for compensation under the Workmen's Compensation Act for the death of Oscar Bowman, opposed by Rudolph Buhner, employer, and the Aetna Life Insurance Company, insurer. From an award for claimants, the defendants appeal. *Reversed.*

*Joseph W. Hutchinson,* for appellants.
*Seba A. Barnes,* for appellees.

ENLOE, J.—On December 13, 1922, one Oscar Bowman was in the employment of the appellant, Rudolph Buhner, hauling crushed stone to be placed upon a public highway. On that date, he received a personal injury by accident, arising out of and in the course of

his employment, from which injuries he died on the same day. He left no wife or children, and the appellees—his father, aged 93, his mother, aged 70, and a sister aged 36—claiming to be his dependents, filed with the Industrial Board their application for an award of compensation, claiming that they were each wholly dependent upon him for support. Such proceedings were thereafter had in said matter that in October, 1923, the full Industrial Board, by a majority of its members, made a finding which, so far as the same is here involved, was that the average weekly wages of said deceased was the sum of $17.50, and that the appellees were wholly dependent upon his earnings for support. There was an award of compensation to appellees at the rate of $9.62 per week for 300 weeks.

From said award, this appeal is now prosecuted, and it is insisted that said award is contrary to law because, (a) the evidence does not show a total dependency, and (b) the evidence does not show that the average weekly wage of said deceased was the sum so found.

. Is the evidence in this record sufficient to show that said appellees were, at the time said deceased was injured, wholly dependent upon him for their support? The claimants do not belong in any of the classes named in subdivisions (a), (b), (c), (d), or (e) of §38 of our Workmens' Compensation Act (§8020v1 Burns' Supp. 1921, Acts 1919 p. 158) and are not, therefore, presumed by law to be wholly dependent, and they are, therefore, under that provision of that clause of said section which provides, "In all other cases, the question of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and the question of partial dependency shall be determined in like manner as of the date of the injury." This simply means that, as to persons not falling within one of the several enumerated

classes, the matter of dependency, whether total or partial, must be established by evidence.

In the case of *Bloomington, etc., Stone Co.* v. *Phillips* (1917), 65 Ind. App. 189, this court had occasion to consider the question of "total dependency," and it was there said:—"Total dependency exists where the dependent subsists entirely on the earnings of the workman. But, in applying this rule, courts have not deprived claimants of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others or on account of occasional financial assistance received from other sources, or on account of other minor considerations or benefits which do not substantially modify or change the general rule as above stated."

When we examine the evidence in this case material to the question of dependency, we find that it discloses the following facts:—The deceased was twenty-seven years of age at the time of his death; his principal business was farming; he lived on a rented farm of more than 200 acres and, in addition to cultivating and managing it, he also cultivated the plough land on the forty acre farm owned by his father, appellee William H. Bowman; for some time prior to March, 1922, the appellees and the deceased had all lived together on said rented farm, but in said month, 1922, the appellees ceased living with the son and moved onto the said forty acre farm owned by the said father; that there they had and kept cows which furnished the family with milk and butter; that they kept poultry and sold eggs at the store at which they did their trading; that they had a vegetable garden; that appellee, Margaret Bowman, was employed and earning money working in a shirt factory; that if the produce sold was not sufficient to pay for the supplies needed and purchased, the deceased paid whatever balance was needed; that

appellee, Margaret, occasionally went to the home of her brother and did some cooking for him, cleaning house, etc., and also, that the brother, at different times, gave her money to buy shoes, clothing, etc.   The foregoing facts, which are not controverted, conclusively show that the appellees were not "wholly dependent" upon the said brother and son, Oscar, for their support and maintenance, and the contention of the appellants as to said finding is, therefore, well taken.

It is next insisted that said finding as to the average weekly wage of said deceased is not sustained by the evidence, while, on the other hand the appellees insist that said finding is well sustained by the evidence; that the evidence shows the deceased was earning at least $3.80 per day, and that, part of the time, he was earning $7.60 per day, and that, therefore, the finding that deceased was earning as his average weekly wages $17.50 is well supported by the evidence.

The evidence discloses that the deceased was, at the time he was injured, hauling crushed stone, using a wagon with four horses hitched thereto; that the distance he hauled such stone was ten miles, making a distance of at least twenty miles necessary to be traveled in hauling each load and returning to his home; that, on a few days, he hauled two loads of stone; that he hauled two yards of stone at a load; that he was paid on the basis of the quantity of stone hauled, at the rate of $1.90 per yard, which would make $3.80 earned on days when he hauled one load of stone, and $7.60 when two loads were hauled.   But these earnings were not the earnings of the deceased; they were the earnings of the deceased, plus the reasonable value of the use of his wagon, plus the reasonable value of the use of the four horses used in doing said hauling. For the purpose of adjusting and fixing compensation, only the earnings of the individual, considered as such,

can be taken into consideration. The deceased was, at the time he received said injury, simply working as a driver and care-taker of said teams so in use by him; his earnings, in this case, were simply the reasonable value of the services so being then and there rendered by him, driver and care-taker of said teams so used by him.

There is evidence in the record that, "a man working on a rock road is worth $3.50 a day," but the character of such labor is not specified; it may be that it was intended by the witness who so testified to include in that estimate the work being done by said deceased at the time he was injured, but that is uncertain, and the testimony therefore unsatisfactory. While we would not feel justified in reversing this cause because of the nature of this testimony, and the lack of direct and positive evidence upon the point as to the reasonable value of the services rendered by decedent, yet, as the cause must be reversed because of error heretofore noted, we deem it but proper to speak of the character of the evidence heretofore offered, so that, upon another hearing, the testimony may be more specific upon the point noted.

For the error indicated, the award herein is set aside, and this cause remanded to the Industrial Board for further proceedings.