NORRIS ET UX. *v.* DANIELS AND McVAUGH CON-
STRUCTION COMPANY, INC.

[No. 14,690.   Filed October 18, 1932.]

*Beckman, Salyer & Robinson* and *James L. Murray,* for appellants.

*Burke G. Slaymaker, Clarence F. Merrill, Theodore L. Locke* and *James V. Donadio,* for appellee.

WOOD, C. J.—Appellants were the parents of one Robert Norris, nineteen years of age.   On August 8, 1930, he died as the proximate result of injuries received by

him on account of an accident arising out of and in the course of his employment by the appellee. Appellants filed a claim with the Industrial Board for adjustment of compensation, alleging that they were partially dependent upon their said son for support and maintenance. This application was heard by a single member of the board, was thereafter reviewed by the full board, whereupon a finding was made that the decedent did not leave surviving him any person or persons wholly or partially dependent upon him for support at the time of his injury and death, and that the evidence failed to show the average weekly wage of the decedent. Upon these findings an award was made denying compensation.

Appellants appeal to this court, assigning as error that the award of the full Industrial Board is contrary to law.

If appellants were entitled to compensation, it was only by virtue of the provisions contained in Clause E of Sec. 38, the Indiana Workmen's Compensation Act 1929, Acts 1929, p. 536, Sec. 9483 Burns Supp. 1929. The burden was upon them to prove by some competent evidence that they were entitled to compensation as dependents of Robert Norris. Dependency under this provision of the compensation act is a question of fact to be determined from the evidence. The finding of the Industrial Board upon the question of dependency of the appellants and the average weekly wage of the decedent are binding upon this court. In order to arrive at a contrary conclusion, we cannot weigh the evidence; neither can we ignore any reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish. *Rasin* v. *Miami Coal Co.* (1922), 79 Ind. App. 123, 137 N. E. 529; *Buhner* v. *Bowman* (1923), 81 Ind. App. 395, 143 N. E. 366; *Swing* v. *Kokomo, etc., Co.*

(1920), 75 Ind. App. 124, 125 N. E. 471; *Radanovic* v. *Vermillion, etc., Co.* (1925), 83 Ind. App. 555, 149 N. E. 182; *In re Stewart* (1919), 72 Ind. App. 463, 126 N. E. 42. On appeal this court will look only to the evidence which is most favorable to the finding for the purpose of determining its sufficiency to sustain the same. *Colgate & Co.* v. *Smith* (1925), 84 Ind. App. 473, 151 N. E. 434.

We do not think a resume of the evidence necessary. We have carefully examined all the evidence and find it sufficient to support the award of the full Industrial Board, and it is therefore affirmed.