## EVISTON *v.* BRADFORD.

[No. 15,554. Filed October 17, 1935.]

*Charles B. Metzger,* and *Coburn T. Scholl,* for appellant.

· *Hottel, Mote & Smith,* for appellee.

CURTIS, P. J.—This is an appeal from an order and award of the Full Industrial Board of Indiana entered on the 19th day of June, 1935, denying compensation to the appellant. The claimant is the mother of one Edward Eviston and claims to be his dependent. He was 31 years of age, unmarried and lived with his mother. He died as the result of personal injuries received by him on October 31, 1934, by reason of an accident arising out of and in the course of his employment by the appellee while he was driving appellee's truck which collided with another truck causing decedent's death. To the application before the board the appellee filed a special answer to the effect that the decedent at the time of his accident was an unlicensed driver. The defense was also made that the claimant was not a dependent of the decedent. The single member found against the claimant, who thereupon asked for and obtained a review by the full board. The full board found against the appellant on the question of dependency and in effect found against the appellee on the special answer awarding against the appellee the statutory amount of the funeral expense, to wit: $100.00. The award for funeral expense was made under the provisions of Section 39 of the Indiana Workmen's Compensation Act (Acts 1929, page 537) which is as follows: "In all cases of the death of an employee from an injury by an accident arising out of and in the course of his employment under such circumstances that the employee would have been entitled to compensation if death had not resulted, the employer shall pay the burial expenses of such employee, not exceeding one hundred dollars." The appellee has presented no question as to that part of the award as to funeral

expenses and we therefore assume it to be correct under the evidence.

We here set out a part of the proceedings before the full board as follows: "And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that the evidence taken at the original hearing is not of such character on which the Board could determine as to the degree of dependency, if any, that exists, and finds that this cause should be continued for the taking of additional evidence on the matter of dependency and that such evidence shall be taken by a single member of the Board and that when so taken, shall be considered as a part of the evidence in this cause and that the Board will then consider the evidence in its entirety without hearing further argument of counsel." An order was commendably made upon the above finding and additional evidence heard and considered by the full board. Every opportunity was thus given to the appellant to submit evidence on the question of dependency. She is not one of the persons presumed to be dependent under the statute but falls within the class of dependents provided for by the statute as follows: "In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and questions of partial dependency shall be determined in like manner as of date of the injury."

That part of the finding of the full board which we deem advisable to set out is as follows: "Be IT FURTHER REMEMBERED, that subsequent to the hearing herein, this matter was continued by the Full Board for the hearing of additional evidence.

"AND BE IT FURTHERED REMEMBERED, that such additional evidence was heard before a single

member of the Board at the rooms of the Board in the State House, on May 14, 1935, at 9:00, at which hearing plaintiff was represented by Charles B. Metzger and Coburn Scholl, her attorneys and defendant was represented by Oscar F. Smith, its attorney.

"And the Full Industrial Board having heard the argument of counsel at the hearing on April 1, 1935, having reviewed the evidence taken at the original hearing on January 18, 1935, and having reviewed the additional evidence taken before a single member of the Board on May 14, 1935, now finds for the defendant on plaintiff's application for the adjustment of a claim for compensation, filed on December 24, 1934; that plaintiff has wholly failed to show that she was either wholly or partially dependent upon her son, Edward Eviston who died as a result of an accidental injury arising out of and in the course of his employment on October 31, 1934."

It is to be noted that the full board found "that plaintiff has wholly failed to show that she was either wholly or partially dependent upon her son Edward Eviston who died as a result of an accidental injury arising out of and in the course of his employment on October 31, 1934." We have with great care read the evidence before us and we concur in the above finding. Little or no good would be accomplished in a lengthy discussion of this evidence. It is sufficient to say that under the well established principles of law frequently laid down by this court, there was a complete failure to prove dependency within the meaning of our compensation law. We believe the appellee has correctly analyzed the evidence as follows: "Most, if not all of the contributions made by the deceased to appellant were for the purpose of making payments on the mortgage, taxes, and insurance. It probably would be fair to say also that from time to time the deceased

did purchase clothing for the appellant and possibly some groceries for the table." Under our decisions the evidence falls far short of showing dependency and sustains the finding of the board on the questions of fact herein of dependency. *Barker et al.* v. *Reynolds et al* (1932), 94 Ind. App. 29, 179 N. E. 396 and the authorities cited therein.

The appellant has sought to present some questions as to rulings on the admission and rejection of evidence. The appellee insists with some merit that none of these questions are properly presented. We have, however, examined these rulings and in our opinion there was no reversible error in that respect. The board manifestly attempted to ascertain the fact as to dependency.

We have found no reversivle error. Award affirmed.

Wood, J., not participating.