KNOTH *v.* PHILLIPS ET AL.

[No. 15,484.   Filed November 6, 1935.]

*Beasley, Aikman, O'Brien & Beasley* and *Charles Fox,* for appellant.

*Slaymaker, Merrell, Locke & Donadio,* for appellees.

CURTIS, P. J.—This is an appeal from the award of the full Industrial Board of Indiana denying compensation to Mary Knoth on account of the death of her husband, Gustave Knoth, whose death she alleged resulted from an injury received on the 31st day of October, 1933, by reason of an accident arising out of and in the course of his employment by defendant, Holland Furnace Company. The cause was heard before a single member of the board, who found that the decedent's death was caused by penumonia which was indirectly produced by an operation for hernia and that his injury arose out of and in the course of his employment. An award was made by the single member in favor of the appellant. The Holland Furnace Company filed its application for a review before the full Industrial Board. The full board reversed the award of the single mem-

ber, finding that the decedent's death caused by pneumonia was not directly or indirectly caused by the operation for hernia and entered an order denying compensation. It is from this award and order that the appellant prayed and perfected this appeal.

The appellant assigns the following errors: "(1) The finding and award of the Industrial Board of the State of Indiana is contrary to the evidence. (2) The finding and award of the Industrial Board of the State of Indiana is contrary to law."

The facts are substantially as follows: That decedent, Gustave Knoth, sustained an injury on October 31, 1933, while in the employ of the defendant; that he was offered and accepted an operation for a bi-lateral hernia on December 26, 1933; that he was discharged from the hospital on January 13, 1934; that on the 27th day of January, 1934, he was returned to the hospital because of an attack of pneumonia from which he died on the 15th day of February, 1934.

The only question to be decided in this appeal is whether there is sufficient evidence to sustain the finding of the board. It is needless to say that on an appeal we will look only to the evidence most favorable to the appellee to sustain the award.

The doctor who operated on decedent testified that the operation was for a bi-lateral hernia and was performed under a local anesthesia; that he saw deceased daily while in the hospital; that deceased complained of a cough and he was given a common cough remedy which is kept in all hospitals; that the cough sedative was discontinued on January 8, 1934, when the deceased told the doctor that he did not have to cough any more; that he examined the deceased's chest when the coughing began and found nothing indicative of post-operative pneumonia; that it was not unusual for one having an abdominal operation to develop some cough; that deceased came to his

office on the 16th, 19th, and 23rd of January but did not complain of pain in the chest or a cough nor did he say anything to him about expectorating yellow matter from his throat and mouth; that his examination of the wounds on the above dates showed them to be healing; that he next saw the deceased at the hospital on the 27th of January, at which time he complained of severe pain in the chest and said he felt "awfully sick"; that the examination showed a shortness of breath, dullness over the entire chest, with breath sounds quite faint on the left side and that coarse bubbling rales could be heard over the entire chest; that he continued to take care of the deceased until his death; that he attended the autopsy of the deceased and examined the incisions he had made for hernia, finding them to be free from infection; that he found the lungs to be abscessed and full of pus; that the deceased did not develop post-operative pneumonia because the peak of a post-operative pneumonia is the fifth or sixth day after an operation. The above testimony is corroborated in practically every instance by another doctor who assisted in the hernia operation, who saw deceased twice daily while he was in the hospital, who helped to attend him when he was brought back to the hospital with pneumonia and who also attended the autopsy. The appellant introduced medical testimony which caused some conflict in opinion, thus presenting a question of fact for the Industrial Board to decide. As has been stated numerous times the Appellate Court will not weigh conflicting evidence. In this connection we quote the rule laid down in the Indiana cases as follows: "When, as in this case, the Industrial Board has reached a conclusion as to the ultimate facts which have or have not been established, and has stated such conclusion in its finding of facts, this court must accept the facts so found as true, unless the evidence is

of such a conclusive character as to force a contrary conclusion. In order to reach a contrary conclusion, we, however, will not weigh the evidence, nor will we disregard the reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish. See *Swing* v. *Kokomo Steel and Wire Company* (1921), 75 Ind. App. 124, 125 N. E. 471." See also *Bickel* v. *Ralph Sollit & Sons Construction Company* (1933), 97 Ind. App. 57, 184 N. E. 196.

There is ample evidence to sustain the award of the full Industrial Board and said award is not contrary to law.

Award affirmed.