YOUNG *v.* GENERAL BAKING COMPANY ET AL.

[No. 16,049. Filed February 16, 1938.]

*Rocap & Rocap* and *Alvah J. Rucker,* for appellant.

*White, Wright & Boleman, Lloyd Newlin, Harold G. Barger, William H. Deniston* and *George C. Forrey, III,* for appellees.

DUDINE, P. J.—Appellant Esta Young filed with the Industrial Board an application for compensation as the dependent widow of Arthur Young, naming appellee General Baking Company as his employer. Appellees Bert Young and Viola Young, father and mother of

said Arthur Young, also filed an application for compensation as partial dependents. Said applications were consolidated for hearing and the Industrial Board, upon review, found that on October 14, 1936, said Arthur Young received an injury as the result of an accident arising out of and in the course of his employment by appellee General Baking Company, of which injury he died on the same day.

The board found further: "That on June 16, 1927, one Esta Cutsinger and one Walter Hartlerode were married at Crown Point, Indiana; that they lived together until January 15, 1933, when they separated; that on September 21, 1934, Esta Hartlerode filed in the Lake Superior Court at Hammond, Indiana, her application for divorce from the said Walter Hartlerode, and that on January 22, 1935, an order was entered in said court granting a divorce as prayed for and restoring to said Esta Hartlerode her maiden name of Esta Cutsinger.

"It is further found that some time during the year 1933 the said Esta Hartlerode and one Arthur Young began living together, and that in 1934 this relation continued and they announced themselves as husband and wife; that subsequent to January 22, 1935, the said Esta Cutsinger and said Arthur Young continued to live together, and did so continue to live together until October 14, 1936, the date of the death of the said Arthur Young; that during all the period from some time in the year 1933 to October 14, 1936, plaintiff herein, Esta (Cutsinger) Young, held herself to be Esta Young.

"It is further found that the said Esta Cutsinger and the said Arthur Young were never formally married.

"It is further found that the relation existing between the plaintiff herein, Esta (Cutsinger) Young and the said Arthur Young were not of such nature as to constitute a common-law marriage."

The board ordered that appellant take nothing by her application.

The board also found that appellees Bert Young and Viola Young, father and mother of decedent, "were not partially dependent upon said Arthur Young for support," and ordered that they take nothing by their application. Esta Young is the sole appellant. Appellees Bert Young and Viola Young filed a cross-assignment of error. In support of her assigned error that the award is contrary to law appellant contends that the evidence shows conclusively all the facts necessary to substantiate an award in her favor. This contention is disputed by appellee General Baking Company in its briefs only in that said appellee contends that the evidence does not show conclusively that the common-law relation of husband and wife between appellant and decedent had been established and existed at the time of the injury which resulted in his death. That question is determinative of this appeal.

The evidence indisputably shows that appellant married Walter Hartlerode on June 16, 1927; that they lived together until January 15, 1932, when they separated; that on September 21, 1934, appellant filed suit for divorce from her said husband and on January 22, 1935, a divorce decree was granted in said cause; that sometime in the year 1933, more than a year before the divorce was granted, appellant and decedent began living together and continued to live together until decedent died on October 14, 1936.

It is obvious that appellant and decedent could not establish a common-law marriage relation while she was the wife of Walter Hartlerode or until the divorce was granted. It is also obvious that the relation between them before the divorce was illicit. The relation having been illicit in its origin and until the divorce was granted we would presume, in the absence

of evidence to the contrary, that it continued as an illicit relation until decedent's death. *Compton* v. *Benham* (1909), 44 Ind. App. 51, 85 N. E. 365; *Meehan* v. *Edward, etc., Valve Co.* (1917), 65 Ind. App. 342, 117 N. E. 265; *Lawrence* v. *Lawrence* (1932), 95 Ind. App. 345, 182 N. E. 273; *Dunlop* v. *Dunlop* (1935), 101 Ind. App. 43, 198 N. E. 95.

Appellant contends that the evidence shows conclusively that the relation was changed into a legal (common-law) relation of husband and wife. To establish such a relation there must be an actual contract of marriage entered into by the parties. *Compton* v. *Benham, supra; Lawrence* v. *Lawrence, supra; Meehan* v. *Edward Valve, etc., Co., supra.* There is no evidence in the record which *directly* shows that such a contract was entered into after the divorce was granted. Appellant testified concerning the relation which existed but she did not testify that she and decedent at any certain time or place, orally, or by written instrument, agreed to take each other as consorts. There is, however, some evidence in the record which tends to prove such fact *indirectly*; and such fact may be proven by circumstantial evidence. (*Meehan* v. *Edward, etc., Valve Co., supra; Lawrence* v. *Lawrence, supra*).

It is not within the province of this court to determine whether such fact was proven. We are limited in that respect to a determination of the question whether or not the finding made by the Industrial Board as to such fact is sustained by the evidence.

We deem it unnecessary and inadvisable to discuss the evidence in detail. There is very little conflict in the evidence as to whether or not the common-law marriage relation existed. It is our opinion that the evidence would sustain a finding that such relation did exist, but we think the evidence, when con-

sidered with inferences which might reasonably be deduced therefrom would sustain a finding that appellant and decedent never considered themselves *actually* married; that they intended to be "formally married" (by ceremony) at some future date but were content to live together as husband and wife until they would be formally married; that they had not entered into an agreement of marriage. Therefore, we hold that the evidence is sufficient to sustain the finding of the Industrial Board "that the relation existing between . . . (appellant and decedent) . . . was not of such nature as to constitute a common-law marriage."

Appellees Bert Young and Viola Young contend in their brief in support of their assigned cross-error, that the award is contrary to law, that the evidence conclusively shows that they were partially dependent upon Arthur Young for their support. There is evidence in the record which shows that said appellees were in poor financial circumstances and that decedent had on several occasions given them money with which to buy provisions. Appellee Bert Young testified that his son contributed an average of at least five dollars a week to their support, but was unable to state how much he so gave at any time or how much the son usually gave or how frequent the contributions were made. His evidence as to the various contributions was extremely vague. It is doubtful whether his said evidence had any probative force, but having considered all the evidence as a whole we find that it does not *conclusively* prove that cross-appellants were partially dependent upon decedent.

Whether or not they were partially dependent was a question of fact for the Industrial Board to answer, and the evidence failing to *conclusively* show that the finding of the Industrial Board as to such fact is wrong, we must sustain such finding. See *Buhner*

v. *Bowman* (1924), 81 Ind. App. 395, 143 N. E. 366; *Norris et ux.* v. *Daniels and McVaugh Construction Co., Inc.* (1932), 95 Ind. App. 125, 182 N. E. 585.

No reversible error having been shown, the award is affirmed.