BURKE ET AL. *v.* ARMSTRONG ET AL.

[No. 16,120. Filed February 17, 1938.]

*Beasley, O'Brien, Lewis & Beasley,* for appellants.

*Stanley E. Stohr, L. A. Shaner* and *Slaymaker, Merrell & Locke,* for appellees.

KIME, J.—The appellants and the appellee, Lois Burke, filed an application for compensation with the Industrial Board claiming that they were dependent upon Harry Burke, the husband of the appellee, Lois, and the son of the appellants.

The Industrial Board entered an award denying compensation to any of the applicants. From this award this appeal is perfected by the parents above assigning as error the statuory cause. The appellants contend that they were partially dependent upon their son.

The evidence is conflicting and among other things it shows that the appellants were the owners of a two hundred and twenty acre farm in Illinois which was worth at the time of the son's death $140.00 per acre and that there was a mortgage on such farm for $22,-000.00 and that the deceased son, together with two of

his sisters, contributed $50.00 apiece each month to their parents to be used primarily for the payment of their interest and reduction of principal upon this mortgage. These appellants claim that this $50.00 contributed by the deceased son was reasonably necessary for them to have the necessities of life and to save their farm home from foreclosure. The statute defines dependency and it has been many times construed by this court.

See: *In re Carroll* (1917), 65 Ind. App. 146, 116 N. E. 844; *In re Stewart* (1920), 72 Ind. App. 463, 126 N. E. 42; *Rasin* v. *Miami Coal Co.* (1922), 79 Ind. App. 123, 137 N. E. 529; *DeRaya* v. *Illinois Steel Co.* (1926), 84 Ind. App. 201, 150 N. E. 792; *Norris* v. *Daniels & McVaugh Constr. Co.* (1932), 95 Ind. App. 125, 182 N. E. 585; *Bennett* v. *City of Indianapolis* (1934), 99 Ind. App. 202, 191 N. E. 180; *Eviston* v. *Bradford* (1935), 100 Ind. App. 616, 197 N. E. 724.

There is no necessity for repetition of what constitutes partial dependency. It is a question of fact and the board has found that partial dependency did not exist and there is evidence to support such finding.

The award of the Industrial Board is, therefore, affirmed.