THOMPSON ET AL. *v.* GARTEN ET AL.

[No. 17,336. Filed January 30, 1945.]

*Archie J. Huhl,* of Danville, and *Oscar F. Smith,* of Indianapolis, for appellants.

*L. A. Shaner, Clarence F. Merrell,* and *Slaymaker, Merrell, Locke & Reynolds,* of Indianapolis, for appellees.

ROYSE, J.—This is an appeal from an award of a majority of the Industrial Board denying compensation for the death of Edgar G. Thomson, the husband and father of appellants.

Omitting formal parts, the award and finding of a majority of the board is as follows:

"Said full Industrial Board by a majority of its members having heard the arguments of counsel and having reviewed all of the evidence in said cause, and being duly advised in the premises, now finds: that on June 17, 1941 one Edgar G. Thomson was in the employ of the defendant at an average weekly wage of $25.37; that on said date, said Edgar G. Thomson suffered an injury as a result of an accident arising out of and in the course of his employment of which the defendant had knowledge and furnished medical attention and hospital services; that a form 12 agreement was entered into by and between the parties which agreement was filed with the Industrial Board on July 19, 1942, and approved by the Industrial Board, said agreement providing for the payment of compensation at the rate of $13.95 per week beginning June 25, 1941 and to continue until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana; that under the provisions of the said agreement, the defendant paid to Edgar G. Thomson in his lifetime, compensation for temporary total disability up to July 16, 1941 in the total sum

of $41.85; that said Edgar G. Thompson died on August 6, 1941 leaving surviving him as his sole and only dependents, Ruth Thomson, his widow and Charles A. Thomson, a minor son, born April 7, 1926, both of whom were living with said Edgar G. Thomson and dependent on him for their support; that pursuant to a disagreement between the parties, the plaintiffs herein filed their Form 10 application for the adjustment of claim for compensation with the industrial Board of Indiana on July 29, 1943.

"The said Full Industrial Board of Indiana by a majority of its members now further finds for the defendants and against the plaintiffs on plaintiffs' form 10 application filed with the Industrial Board of Indiana on July 29, 1943, and that the death of the said Edgar G. Thomson was not directly or indirectly the result of any injury arising out of and in the course of his employment with the defendant.

## "AWARD

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, by the Full Industrial Board of Indiana that the plaintiffs take nothing by their form 10 application filed with the Industrial Board on July 29, 1943, and that they pay all costs if any taxed in this cause."

The assignment of error here is that the award of the Industrial Board is contrary to law. Under this assignment appellants present two questions: (1) The findings of a majority of the Industrial Board do not sustain the award of said board; (2) The board failed to do its duty in that it did not draw from the evidence the legitimate inferences to be deducted therefrom.

We find no merit in the first contention for the findings of the board state that the death of decedent was not directly or indirectly the result of any injury arising out of and in the course of his employment with appellee. *Swing* v. *Kokomo Steel and Wire Company* (1921), 75 Ind. App. 124, 125 N. E. 471.

The second contention of appellants requires a consideration of the evidence in the record. Briefly, the record discloses the following facts: Edgar G. Thomson, appellants' decedent, was employed by appellee as a feed salesman for a period of about 10 months prior to June 17, 1941. Prior to said date he was apparently in good health and had been treated by a physician only for colds and other similar minor ailments. On said last mentioned date appellee had sold feed to a circus in Indianapolis and it was the decedent's duty to go to the circus grounds and check the amount of feed and collect the money therefor. In leaving one of the circus cars he jarred or strained his back. He continued to work for the rest of that day. In the evening he suffered pains in his back and a physician was called, who prescribed internal and external medicines and hot applications for the back. He, remained at home for three weeks. When he did not respond to treatment he was taken to the Methodist Hospital where X-rays disclosed that he was suffering from metastatic carcinoma. He died on August 6, 1941. There was medical testimony from the physician who treated him that because the pain was so prolonged he had ordered him to the hospital; that the injury he suffered on June 17th could not have caused the cancerous condition and that it did not accelerate his death.

We are of the opinion this evidence was sufficient to sustain the finding and award of the Industrial Board. Therefore the award is affirmed.

NOTE.—Reported in 58 N. E. (2d) 942.