COSSELL *v.* COSSELL

[No. 28,144. Filed November 15, 1945.]

*Allen & Allen,* of South Bend, for appellant.

*Charles Davis,* of Mishawaka, for appellee.

RICHMAN, C. J.—Appellant was plaintiff below in a suit for divorce. There was a general finding and decree that she take nothing by her complaint. ■ Overruling her motion for new trial is assigned as error. The only specification therein properly presented and briefed is that the decision is contrary to law. If from the evidence the trial court could reasonably find that there was no existing legal marriage relation to dissolve, the decree must be affirmed.

Appellant and appellee were parties to a formal marriage ceremony June 4, 1926, while appellee was married to another woman. Within three weeks thereafter appellant knew of the pre-existing marriage but continued to live with appellee until September, 1927, when a child was born to them. With the exception of two or three periods, the longest 13 months, the parties from the time of that ceremony lived together for 18 years and had two other children. She was introduced and known as his wife and so designated in his application for relief made to the township trustee and an application for an insurance policy. There was also evidence that they bought some property as husband and wife.

In 1929, during their longest separation, he procured a divorce from the other woman. What happened thereafter is fairly summed up in the following excerpt from cross-examination of appellant:

"Q. Yes, and then later on you came back, and without ever entering into another contract of marriage you went to living together again, is that right?

. . .

"A. Only because he kept promising to remarry me.

. . .

"Q. Is that correct?

"A. Yes; because he had promised to go ahead with another marriage."

There is no direct evidence that after his divorce they entered into a marriage contract, formal or otherwise. Her requests for a ceremony were countered by his promises "to do it later." She testified that in January, 1930, about five months before her second child was born, she

"asked him if he didn't think it was about time we should go through with another ceremony to make the marriage legal, and he said we were as much married then as we would be if we had gone through another ceremony. And I told him I thought just the same we should go through with another one."

It may reasonably be inferred that she thought they were not legally married. If he thought otherwise, her testimony shows that this opinion was based on the fact that they "had already been together and had a child." Whenever the subject of marriage was broached by her, he asked her to "wait a while; couldn't afford it right now. That was always his excuse." And she said that "in order not to have an argument with him and get him mad, I just let it slide."

The circumstances here are comparable to those in *Young* v. *General Baking Co.* (1938), 104 Ind. App. 658,

12 N. E. (2d) 1016, wherein we think the applicable legal principles are correctly stated. The evidence does not compel the conclusion that there was a common-law marriage after his divorce. On the contrary it may reasonably be inferred from her own testimony that they were merely contemplating a marriage in the future. We cannot disturb the trial court's decision.

Decree affirmed.

NOTE.—Reported in 63 N. E. (2d) 540.