MUNCIE FOUNDRY AND MACHINE COMPANY *v.* THOMPSON.

[No. 10,497.   Filed May 9, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Independent Contractor.—Employe.*—A worker engaged by a foundry company to unload coke from freight cars for a stipulated sum per ton was an employe and not an independent contractor, where there was no contract fixing the number of cars to be unloaded or the period of time he was to be so employed, and he could cease labor at any time without incurring liability or could be discharged without being entitled to damages.   p. 159.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of Industrial Board.—Sufficiency to Sustain Award.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) the Industrial Board must find as a legal basis for an award that claimant was an employe, that he received an injury by accident, that the accident arose out of and in course of the employment, the character and extent of the injury, and claimant's average weekly wage, and a finding of facts failing to show that the injury complained of, and upon which an award is based, arose out of the employment is insufficient to sustain such award.   p. 161.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Joshua Thompson

against the Muncie Foundry and Machine Company. From an award for applicant, the defendant appeals. *Reversed.*

*Joseph W. Hutchinson,* for appellant.
*Cromer & Long,* for appellee.

ENLOE, J.—The record in this case discloses that on July 8, 1918, the appellee began working for appellant, at its plant in Muncie, Indiana, unloading coke from the freight cars in which it was shipped to the plant into the "bins" of appellant at said plant; that this coke was shoveled from the car into the hopper of a conveyor, by which it was carried and dumped into the bins; that appellee was working under an agreement at the time of his injury, by which he was to receive as compensation for his labor forty cents per ton for the coke unloaded; that prior to the time of receiving the injury complained of he had been assisted in unloading said coke by two other persons, one of whom assisted in unloading two cars, and the other person assisted on one car; that appellee had been doing this work without any help or assistance from any other person for several days before he was injured; that on July 19, 1918, appellee was at the plant of appellant unloading a car of coke, and while so at work, he observed that the conveyor had stopped, and, thinking it had become clogged, thereby causing it to stop, he opened a door thereon to investigate the matter; he found some pieces of coke on the belt, and, in attempting to remove them, his hand was caught, and he was injured; that as a result of the injury he lost the thumb on his right hand by amputation; the crushing of the bones of the hand, and a lasceration of the tendons

and soft tissues thereof, all of which resulted, as found by the Industrial Board, in a "75 per cent. impairment of the natural use and function of the whole right hand"; that the average weekly wage of the appellee was in excess of $24. The Industrial Board further found "that the plaintiff's injury was not due to any wilful misconduct upon his part, and was not in violation of any specific instruction given to him by the defendant."

A hearing was first had before one member of the board, and afterwards, on due application by appellant for review of the proceeding, a review was had by the full board, and on such hearing the board awarded compensation to appellee at the rate of $13.20 per week, for 112½ weeks, beginning July 28, 1918, and from that award this appeal is prosecuted.

The error assigned is that the award of the full board in said cause is contrary to law.

Under this assignment the appellant urges three propositions, viz.: (1) "The finding of the full board is not sustained by sufficient evidence. The specific point to which we. call the court's attention is that the full board found that appellee was in the employment of appellant, whereas in truth and in fact he was not an employe of appellant but an independent contractor."

With this contention we cannot agree. It is frequently said in the cases that "to draw the distinction between independent contractors and servants is often difficult and the rules which courts have undertaken to lay down on this subject are not always simple of application." See "Independent Contractor," 4 Words and Phrases 3542.

What contract, as an independent contractor, did the appellee have with appellant? How many cars must he unload at forty cents per ton before his contract would be completed? Or, during what period of time was he, under his contract, to unload cars for appellant? As to each of these questions there is no answer found in this record favorable to appellant.

Contracts are entered into for the purpose of acquiring rights on the one hand, and imposing obligations on the other. Could appellee, under the evidence in this case, as shown in this record, have quit work at any time, without incurring any legal liability to appellant? Could appellant at any time discharge the appellee without incurring any legal liability to him to respond in damages for breach of the alleged contract? To these questions, upon the record before us, we answer that there could be no such liability. The appellee could cease labor for appellant at any time he chose, and appellant had the right to discharge him at any time it chose. Appellee's pay, instead of being measured by the hour, day, week, or month, was by this contract, to be measured by the ton of coke unloaded, but he was none the less a laborer, in the employ of the appellant, doing appellant's work, at the time he received the injury in question.

Appellant next insists that the facts found are not sufficient to sustain the award, because: (1) There is no finding that the appellee was in the course of his employment at the time he received the injury upon which the award is based; and (2) there is no finding of facts which shows that the injury complained of, and upon which the award is based, arose out of the employment.

This contention is well taken. The board is, by the statute, required to find the facts upon which it bases an award. There is not, in this case, any 2. general finding that the injury sustained by him was received by accident arising out of and in the course of the employment as servant of appellant.

In cases of this character there are five facts which must be found as a legal basis for an award of compensation, viz.: (1) That claimant was an employe. (2) That he received an injury by accident. (3) That the accident arose out of and in the course of the employment. (4) The character and extent of such injury. (5) Claimant's average weekly wage.

The cases of *Inland Steel Co.* v. *Lambert* (1917), 66 Ind. App. 246, 118 N. E. 162, and *Retmier* v. *Cruse* (1918), 67 Ind. App. 192, 119 N. E. 32, in so far as they each are at variance with the views herein expressed as to the findings to be made by said board, are hereby disapproved.

For the failure of the board to find the facts necessary to sustain its award, this cause is reversed, and remanded to said Industrial Board, with directions to restate its findings of fact, and for further proceedings not in conflict herewith.

Award is reversed.