CRAWFORD ET AL. *v.* GARY HEAT, LIGHT AND WATER COMPANY.

[No. 13,786.   Filed November 14, 1929.]

*Samuel P. Moise* and *F. J. Dorsey*, for appellants.
*Knapp & Campbell, White, Wright & Boleman* and *Joseph L. Earlywine*, for appellee.

REMY, J.—Henry Crawford, Jr., lost his life as the result of an accident which arose out of and in the course

of his employment by appellee, leaving surviving him appellants Mamie Crawford, his mother, and Goldie and Cecelia Crawford, his sisters, who, claiming to be his dependents, made application to the Industrial Board for adjustment of compensation. At the time of the accident, and at all times since, appellee has conceded its liability, and it is agreed that decedent's average weekly wage at the time of his death was $30. The only question for the Industrial Board was the question of dependency.

At the hearing January 11, 1929, before a single member of the board, there was a finding that each of appellants was at the time of decedent's death wholly dependent upon him for support, and an award was accordingly made. On January 16, 1929, appellee filed with the Industrial Board its application for review before the full board, pending which, on January 25, 1929, the hearing member made what was called a corrected finding and award, of which each of the parties was given notice; and on January 31, 1929, appellee again filed application for review before the full board. Application for review was also made by appellants. There was a review, as a result of which the board found all facts necessary to sustain an award of compensation; that the deceased, at the time of his death, was receiving an average weekly wage of $30; and that appellant Mamie Crawford was wholly dependent; there was no finding as to dependency of the sisters. Based upon this finding, the award of the board was that Mamie Crawford should receive $4.44 per week for a period of 300 weeks.

The first contention of appellants is that the hearing member was without authority to correct or modify the award he had made, that the so-called "corrected award" was a nullity, and that the review by the full board was, therefore, made without authority

of law. There is no merit in the contention. As far as this case is concerned, it is immaterial whether the hearing member had authority to correct or modify the award he had made. The jurisdiction of the Industrial Board was continuing (Acts 1919 p. 167, §9490 Burns 1926), and the record shows that the review by the full board was on application of both parties.

The award must, however, be reversed for another reason. The Industrial Board found as a fact that appellant Mamie Crawford, mother of deceased, was, at the time of his death, wholly dependent upon him for support, and that deceased, as employee of appellee, was receiving an average weekly wage of $30. The board made no finding as to the dependency of the sisters. This was equivalent to a finding that they were not dependents. It follows that appellant Mamie Crawford was, under and by virtue of §37 of the Workmen's Compensation Act (Acts 1919 p. 158, §9482 Burns 1926), entitled to 55% of the average weekly wage found, or $16.50 per week for a period of 300 weeks, instead of $4.44 per week as fixed by the award.

Award reversed, with instructions to the board to grant a rehearing, each party to have the right to introduce additional evidence if it desires so to do.