MATLON ET AL. *v.* MATLON ET AL.

[No. 14,259. Filed March 31, 1931.]

*William J. Whinery,* for appellants.

*William J. McAleer, Francis J. Dorsey, James J. Clark* and *William L. Travis,* for appellees.

KIME, J.—This is an appeal by Joseph P. Matlon and Paul Blahunka, employers, from an award of the Industrial Board in favor of John L. Matlon, Charles Fasciank, Frank Trisna and Joseph Matlon, Jr., who were each in the employ of appellants as bricklayers. By agreement of the parties, the four claims, which arose out of the same accident, were consolidated and heard as one case by the Industrial Board. The facts are, in substance, as follows: Appellants were building contractors in the city of Whiting, Ind., and each of the appellees, who was employed by them as bricklayers, also resided there. On July 18, 1928, appellants had a building in the course of construction at Harvey, Illinois, and also another building in course of construction at Whiting, Indiana; there was no arrangement between appellants and appellees concerning transportation or as to the method or means of going to and from the various jobs or places of work. On the above date, the appellees and other employees of appellants were engaged as bricklayers on the building at Harvey, Illinois, and shortly before noon that day a rain came on, which prevented a continuance of the work at Harvey; appellants, during the latter part of the noon hour of that day, sent their truck from Whiting, Indiana, to Harvey, Illinois, with instructions for the workmen to return to Whiting, Indiana. The evidence is very clear and undisputed that the appellees received specific orders and directions to pack up their tools and go to the Whiting job, and that they were always paid for the time consumed in traveling from one job to another during working hours. The evidence also discloses that certain of the employees of the appellants were the owners of automobiles, which they sometimes used as a means of transportation to and

from their employment, and were in the habit of picking up some of their co-workers on these occasions and driving them to work.

On the particular day that this accident occurred, appellee Joseph Matlon, Jr., had driven his car to the job at Harvey. Shortly after noon of this day, after receiving the orders to return to Whiting, appellees loaded their tools upon the truck of appellants, got into the automobile of Joseph Matlon, Jr., and proceeded to return to Whiting. Appellants contend that the workmen were ordered to return on their (appellants') truck, but the evidence shows that appellant Blahunka said to the men, "Boys, let's get the tools and things, we haven't any forms, and it is raining and we will go to Whiting," and, "Get in the car of Joe Matlon." It was while the appellees were on their way to the Whiting job that the automobile in which they were riding, while crossing some railroad tracks, was struck by a train and caused them to sustain various injuries. The Industrial Board, after hearing the evidence, rendered an award in favor of each of the appellees, and it is from these awards that the appellants appeal, assigning as error that the awards are contrary to law.

Appellants contend that the facts found in each case are not sufficient; that they are nothing more or less than legal conclusions. The finding in each case follows the outline set out in the case of *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196, wherein this court laid down the outline that has since been followed by the Industrial Board. The act of 1929, §59 says, "the board . . . shall determine the dispute in a summary manner." The word "summary" means concise, condensed to the utmost possible degree, performed without formality. From the entire act it can be seen that the

Legislature intended that speed should stand out boldly. Injured employees, unable to work, should not be compelled to wait for sustenance while boards write out long and detailed special findings of fact. The act provides specifically that the award shall be filed "with *the* finding of facts on which it is based." The board has here set out the five facts which must be found and say that this is what their award is based on. It is clear that the board has followed the act and the interpretations of this court. If the evidence did not sustain the board's finding of facts, the parties had lost nothing, as they still had their remedy in this court.

Here the employers ordered and acquiesced in the employees using a means of transportation from one job to another while being paid for such time. The ██ employees, owing their employers the duty of reporting for the work at the place designated, proceeded toward that place, and while traveling a well-recognized route were injured. The Industrial Board found from ample evidence the five material facts and made an award thereon, and we find no reversible error. Even granting that there had been no specific order given to use this particular means of transportation, the acquiescense of the employers has been held sufficient since the acquiescence abrogates specific instructions. *Alberta Contracting Corp.* v. *Santomassimo* (1930), 150 Atl. (N. J.) 130.

We, therefore, hold that the award of the Industrial Board to each of the four appellees is affirmed, and each of the awards, by order of this court, is increased 10 per cent, and it is so ordered.

Affirmed.