SAUER v. TOWER MANUFACTURING COMPANY ET AL.

[No. 14,519. Filed February 17, 1932.]

*George G. Rinier, Oscar F. Smith* and *Waldo C. Wickliff,* for appellant.

*Herman L. McCray, Edward J. Boleman, Burrell Wright* and *Jacob S. White,* for appellee.

NEAL, J.—This is an appeal by Ella A. Sauer from an order of the Industrial Board refusing to allow her compensation for the death of Henry Sauer, her husband, which death was alleged to be a result of an injury arising out of and in the course of decedent's employment by appellee Tower Manufacturing Company.

The Industrial Board found that Henry Sauer, now deceased, was employed by the Tower Manufacturing Company on November 12, 1930, at an average weekly wage of $19.05; that, on said date, he received personal injuries arising out of and in the course of his employment, of which the employer had knowledge; that the nature of the injury was a strain to his right side; that Henry Sauer died on December 8, 1930; that the death of Henry Sauer was in no way, either directly or indirectly caused by the accident and injury sustained on November 12, 1930, but was due to other causes. Upon this finding, the Industrial Board entered an order denying the claimant (appellant herein) compensation. From this order, Ella A. Sauer appeals and says the order of the Industrial Board is not sustained by sufficient evidence and that the order is contrary to law.

It is true, as contended for by appellant, that the Industrial Board, in order to sustain an award of compen-

sation, must find at least five essential elements. *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 161, 123 N. E. 196; *Malton* v. *Malton* (1931), 92 Ind. App. 350, 175 N. E. 369. It does not, however, necessarily follow that, when the Industrial Board enters an order denying compensation, each of these elements must be found. It is appellant's position that the Industrial Board's failure to find one of these essential elements, namely, the extent of the injury, renders the award contrary to law. It is to be noted that the board found that "the death of Henry Sauer was in no way, either directly or indirectly, caused by the accident and injury sustained on November 12, 1930, but was due to other causes." This is a sufficient finding upon which to base an order denying compensation. See *Brown* v. *American Title and Pottery Co.* (1932), *ante* 344, 178 N. E. 446; *Stinson* v. *Anderson Knife Bar Co.* (1932) *ante* 70, 179 N. E. 570.

Appellant argues that the evidence is not sufficient to support the order of the Industrial Board. It would serve no good purpose to set out herein the evidence, but suffice it to say, however, that there is sufficient competent evidence upon which to base the order denying compensation in the instant case. The order is not contrary to law.

Award affirmed.