PEARSON COMPANY, INC. *v.* MCDERMID ET AL.

[No. 16,719. Filed February 13, 1941. Rehearing denied April 15, 1941. Transfer denied May 26, 1941.]

*John J. McShane*, of Indianapolis, for appellant.

*Faust, Faust & Faust*, of Indianapolis, for appellees.

DEVOSS, J.—This is an appeal from an award of compensation made by the full Industrial Board to the appellees as the sole surviving dependents of Virgil McDermid, who is alleged to have met with an accident which resulted in his death while in the employ of the appellant.

Appellant assigns error for reversal herein as follows: (1) That the award of the full board is contrary to law. (2) That the award of the full board is not supported by sufficient evidence.

All questions raised herein may be presented under the first assigned error.

It is contended by the appellant that the evidence herein failed to make proof of the essential facts neces-

sary to warrant a finding and award for appellee by the full Industrial Board.

'Such finding and award, in so far as it effects the merits of this appeal, is as follows: "And the Full Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds'by a majority of its members that on November 23, 1938, while in the employ of the defendant at an average weekly wage of $11.06, one Virgil McDermid suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant acquired knowledge but did not furnish medical attention; that said accidental injury resulted in the death of the said Virgil McDermid on November 24, 1938.

"It is further found that the injury resulting in the death of the said Virgil McDermid was caused by his automobile skidding on an icy pavement and running off the road into a wire fence on the side of the road; that said accident resulted in a cerebral hemorrhage brought about by the excitement and anxiety of said accident.

"It is further found that at the time of his death the said Virgil McDermid was living with Clara McDermid, his wife, and Robert McDermid, thirteen years old, a son, both of whom were wholly dependent upon the said Virgil McDermid for support; that on December 29, 1938, the plaintiffs filed their application for the adjustment of a claim for compensation, and that prior to the filing thereof, a good faith effort had been made to adjust the matters in dispute and the parties disagreed.

## AWARD

"AND THE FULL INDUSTRIAL BOARD by a majority of its members now finds for the plaintiffs on their application and there is awarded the plaintiffs

Clara McDermid and Robert McDermid in equal shares compensation at the rate of $8.80 a week during the period of their dependency, but not exceeding three hundred weeks as to time, beginning on November 24, 1938."

The evidence discloses that on the date of the accident in question, the appellant herein was engaged in the musical merchandise, furniture, and appliance business in the city of Indianapolis, and maintained a stock of musical instruments for sale. That the appellees' decedent was employed by appellant as a salesman to sell musical instruments to the trade outside of said place of business, and that he was employed on a commission basis. He was assigned territory, in which to solicit business, by appellant; and under such assignment, his territory was restricted to the territory west of Meridian Street in the city of Indianapolis and included all territory in the state of Indiana west of said street. He was prohibited by appellant from selling one certain line of band instruments in counties other than Marion County and its adjoining counties. Said employment consisted of said decedent calling upon the trade and soliciting sales. All contracts of sale made by him were made subject to the approval of appellant and upon a form of contract furnished by appellant. All contracts were made in the name of appellant, and all money received on such contracts was paid to appellant. It was also part of said decedent's duties to rent band and musical instruments to individuals in his territory for said appellant, and such rentals were paid to appellant.

Under such employment, he was to drive his own car at his own expense. Appellant also furnished to said decedent musical instruments for display purposes, and the same were carried by him in his automobile when attempting to make sales in the course of his business.

On Saturdays he spent his time in the store of appel-
lant contacting his own customers, making out his
reports, and also waiting on the trade that came into
the store. On all sales consummated by him in his travels
in the territory, he was paid 15% commission; and
on all sales made by him in the store he was paid 5%
commission. No commission was paid upon rental of
instruments. During the time of his employment, said
decedent was also engaged in piano tuning, which was
an independent venture of his own and with which
appellant herein had nothing to do.

On November 23, 1938, said decedent left his home
at 7:00 o'clock in the morning, informing his wife that
he was going to the town of Cutler, Indiana, which
town was located in the territory assigned to him. It
further appears from the evidence that said decedent
had, prior to that day, called upon trade in the town of
Cutler, Indiana, and had rented some musical instru-
ments to persons living thereat. On the evening of
November 23, decedent was found standing along state
road No. 29, upon which road the town of Cutler was
located. He was standing on the west side of the road,
and his automobile was off the highway on said west
side of the road. His car had left the highway about
midway of a stretch of icy pavement, and the same
was located across a wire fence, the running boards
buckled, the back left wheel bent, the front of the car
scratched and said fence torn down. He was picked
up by the driver of a passing car and taken to a filling
station. After arriving at the filling station, decedent
attempted to drink some coffee but faltered and shook,
spilling the same. He informed the proprietor of the
filling station that he was dizzy. He was assisted to
the back room of the filling station and lay down upon
a bed and shortly thereafter vomited a bloody substance.

Later he was taken, in an ambulance, to a hospital in the city of Indianapolis, and died the next morning.

The evidence further discloses that appellant paid said decedent the total sum of $276.55, covering a working period of 25 weeks and one day. The evidence further discloses that at the time of his death, decedent left surviving him a widow, Clara McDermid, and his son Robert V. McDermid, as his dependents. The evidence further discloses that at the time of the accident, there was snow on the ground and the pavement was partly covered with ice.

There appears to be no controversy in the evidence relative to his employment on a commission basis and as to his duties. There is some controversy in the evidence, however, relative to the cause of his death, after his arrival at the hospital. After he was taken to the hospital, his family doctor was called and made an external examination and arrived at the conclusion that he was suffering from a cerebral hemorrhage. There was no external evidence of injury that could be found. The physician gave his opinion, after examination, that death was due to cerebral apoplexy, known as cerebral hemorrhage, induced by shock, and that it was his opinion that the accident in which decedent had been involved was the cause of an arterial raise in blood pressure inducing rupture of the cerebral vessel, and that his death was caused by the accident.

The appellant called two physicians to testify, and in answers to a hypothetical question, which included a description of the accident and circumstances surrounding the death of decedent from cerebral hemorrhage, said physicians each stated that in his opinion the death was not a result of the accident.

The requirements of a legal finding as the basis of an award, as determined by this court, are: (1) That

claimant was an employee; (2) that he received an injury by accident; (3) that the accident arose out of and in the course of the employment; (4) the character and extent of such injury; (5) claimant's average weekly wage. *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196.

From a consideration of the finding in the instant case, it is apparent that all of the requirements of a legal finding are contained therein; and if such finding is supported by any evidence, an affirmance of the award herein is necessitated.

Appellant contends that the evidence discloses that decedent was not an employee under the Workmen's Compensation Act, but was an independent contractor.

In the case of *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 209, 145 N. E. 559, this court defined a contractor in the following words: "A contractor is one who makes an agreement to do a piece of work, retaining in himself control of the means, method and manner of producing the result to be accomplished, neither party having the right to terminate the contract at will."

It is apparent that the circumstances in the instant case fall far short of the requirements to constitute an independent contractor. Decedent was employed under an agreement which provided that his contract of employment could be terminated by either party at will. The territory of his employment was controlled by appellant, the contracts of sale were on a form furnished and approved by appellant, money collected on contracts was to be paid to appellant. There was no definite number of sales to be made, no definite job to be done; but such employment was a continuing one, subject to the will of appellant or appellee. The evidence further discloses that part of the time of appel-

lee's decedent was spent in the store of appellant. We think there was such a supervision and control exercised by appellant as would take such employment out of the scope of an independent contractor.

Appellant next contends that there is no evidence which warrants a finding of employee's average weekly wage.

The record discloses that said decedent was paid the sum of $276.55 for a working period covering twenty-five weeks and one day. This is a sufficient showing to warrant a finding as to his average weekly wage.

The evidence further discloses that the location of the place of the accident was within the territory assigned to decedent and was on a direct route from the town of Cutler to Indianapolis; that he had transacted business in Cutler; that he had musical instruments in his car at such time; that the road was icy; that his car left the highway, ran into a fence, damaging the car, and tearing down a small part of the fence; that immediately thereafter he became dizzy, shook, and faltered, and was unable to stand up; that he was taken to the hospital, and died the next morning.

These facts, we think, considered together would give rise to the inference that there was a causal connection between the car leaving the road and his death. Supplemented with the additional testimony of the doctor who examined him after his arrival at the hospital that after an examination, in his opinion, the death was caused by the accident, there would be no doubt as to the finding and award herein being warranted.

While it is true there is some controversial evidence as to the cause of the death, yet, if there is any compe-

tent evidence to support the ultimate facts as found by the full board, it is binding upon this court; and it is not within our province to weigh the evidence.

From a consideration of all the evidence, it is our opinion that it sustains the finding and award of the full board.

Award affirmed with the statutory 5% penalty.

NOTE.—Reported in 31 N. E. (2d) 642.