YOUNGSTOWN SHEET & TUBE COMPANY ET AL *v.* TUCAK ET AL.

[No. 17,479. Filed May 21, 1946.]

*McAleer, Dorsey & Travis,* of Hammond, for appellant.

*Frank E. Kinnan* and *A. L. Zivich,* both of East Chicago, for appellee.

FLANAGAN, C. J.—This is an appeal from an award of the Industrial Board granting compensation to appellees for the death of one Slava Tucak.

Appellant contends that the evidence fails to show, (1) dependency of appellees, and (2) an accidental death arising out of the employment.

Appellee Mary Tucak testified that she was the widow of Slava Tucak and had one minor child, appellee Mary Tucak, aged 15; that her husband worked for appellant before his death; that on the day of his death he went to work at 6:00 o'clock A. M.; that she next saw him at the undertakers; that she paid his funeral expenses and hospital bill; that appellant paid her some money as insurance; that her husband did not complain of feeling badly the morning of his death; that he had been going to a doctor for about a year because of a flu attack. This testimony is not controverted or challenged in any way and we think it is sufficient to justify the finding of the Industrial Board that appellees were the wife and daughter of decedent and were living with him at the time of his death.

On the morning of his death Slava Tucak, who was employed by appellant as an oiler, went to work at about 6:00 o'clock A. M. Between 8:00 and 8:45 A. M. he was found at his place of work lying at the foot of a stairway face up, with his head on the concrete floor and his feet on the steps. The steps were of concrete and at the time were greasy and wet. He had a cut on his forehead and there was blood on the floor. He died within a few hours and without regaining consciousness.

Prior to that time he had received medical attention for an enlarged heart.

The Industrial Board found that the decedent sustained personal injuries by reason of an accident arising out of and in the course of his employment; that the accidental injury consisted of lacerations and contusions about decedent's head caused when he fell down a flight of steps in appellant's factory; that at the time he was afflicted with an organic heart disease and that the accidental injury so found accelerated and aggravated this heart condition and resulted in his death.

While the medical evidence is in conflict there is evidence to sustain the finding of the Board that the cause of death was a heart condition accelerated and aggravated by the fall. We cannot weigh conflicting evidence.

But appellant insists that the only reasonable inference from the evidence is that the fall was itself caused by the heart condition and therefore the accident did not arise out of the employment.

Assuming that the fall was due to the employee's previous physical condition it does not necessarily follow that the accident was not one arising out of the employment. The fall and the resultant injury constitute the accident. The cause of the fall may be disregarded if the fall resulted in injuries which would not have occurred except for the employment.

In the instant case it appears from the evidence that the employee was in his place of work. The stairway he was using had steps of concrete and the floor at the bottom was of concrete. Even though a heart attack caused him to fall it is obvious that the severity of the injuries was due in part to the physical condition of the place where he hapened to be. See *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. (2d) 499, and cases there cited. In the Dehn case the employee was walking along a city street in furtherance of the duties of his employment when for some unexplained reason he fell to the sidewalk and suffered injuries. In discussing the same question here presented this court said in that case:

"So, in the case under consideration, assuming that Dehn's fall was caused by vertigo, if he had been sitting in a chair at home when the attack occurred, he probably would not have been injured. The fact that he was carrying out the duties of his

employment and was walking along the street concurred with his physical condition to produce the injury."

We think that under the evidence in this case the Industrial Board was justified in finding that the accident arose out of decedent's employment.

Award affirmed with statutory 5% increase.

Draper, J., took no part in the decision of this case.

NOTE.—Reported in 66 N. E. (2d) 619.