## THE RELIANCE MANUFACTURING COMPANY *v.* OFCHARCHAK

[No. 17,885.  Filed October 21, 1949.
Rehearing denied December 6, 1949.]

*James V. Donadio,* of Indianapolis; and *Henry L. Humrichouser,* of South Bend; and *Ross, McCord, Ice & Miller* (of counsel), of Indianapolis, for appellant.

*Robert T. Wilson* and *James P. Gleason,* both of Michigan City, for appellee.

BOWEN, C. J.—This is an appeal from an award of the Full Industrial Board awarding appellee, as the dependent widow of the decedent, compensation for the death of decedent. Errors assigned for reversal are that the award of the Full Industrial Board of Indiana is contrary to law, and that the award is contrary to the facts.

It was stipulated by the parties that plaintiff's decedent, Michael Ofcharchak, was in the employ of the appellant, The Reliance Manufacturing Company, at an average weekly wage in excess of $36.50; that he was employed as a night watchman; that appellee's decedent's body was found by a fellow employee at 6:40 a.m. on December 14, 1946; that he was lying at the bottom of a flight of steps in appellant's factory with his mouth open and his hat was found at the top of the steps and he was lying on his back with his head up and feet down at the bottom of the flight of steps; that he was slumped in that position, and at the time his body was found, his left arm was around an iron support of a railing; that appellee's decedent had been feeling poorly, and about noon on the day before his death, he got up and had a pain in his stomach and had asked his wife to give him some whiskey and a couple of aspirin and that he went back to bed; that previously he had a nervous breakdown and was in Logansport for two years, and came back, and had worked ever since; that on the day before his death he felt all right after eating a normal supper and that his son-in-law, one Dr. Gifford, called up after supper and asked if he was going to work and that if he were, he would take him to work; that Dr. Gifford took him to work that night to the factory, and on letting him out of the car, asked him if he was feeling all right, and decedent stated he was. It was further stipulated that Dr. Daniel Bernoske, if present, would testify that he performed an autopsy on the body of decedent on December 17th; that his chest was opened, heart and lungs were normal size and muscle consistency was normal, blood vessels normal, lungs normal throughout; that the abdomen was opened and no free fluid or pus was found; the bowel was filled, however, with a black tarry substance in the distal part near the stomach,

the substance being reddish in color. His stomach was opened and found to be completely filled with blood. Investigation of the stomach wall revealed an old ulcer in the stomach near the esophageal opening; and the diagnosis from autopsy findings was that his death was due to hemorrhage from a gastric ulcer; that this ulcer was the silent type which does not cause severe pain, and the hemorrhage was the type found not generally fatal, mortality rate fifteen to twenty percent, good chances of recovery if promptly attended; that bleeding of this type of ulcer is aggravated by shock. The reason that bleeding of this type is aggravated by shock is that the capillaries in the stomach become engorged with blood.

The evidence at the hearing showed that on the night in question, the appellee's decedent reported to work at 11:00 p.m. and punched a system of clocks in different locations of the plant each hour. The keys were numbered one to fifteen, and it was found on the day following his death that Key No. 2 was the last one used. In going from Key No. 2 Station to Key No. 3 Station he would go up the flight of steps in question. There were twenty steps in this flight. Witnesses who observed his body the following morning found there was a bruised place on the bridge of his nose and his upper lip was mashed and a small spot was found caused by the mark of a tooth against the lip, with some blood on the lip.

Dr. Horace M. Banks who was called by appellant, among other things, controverted the stipulated testimony of Dr. Bernoske that bleeding from such an ulcer could be aggravated by shock.

The Board found that at the time of said accidental injury, the appellee's decedent was afflicted with a gastric stomach ulcer and that the accidental injury

in question aggravated the said appellee's decedent's condition which resulted in his death.

The only matter for consideration in the instant case relates to the question as to whether or not there is sufficient evidence to support the award of the Board that the appellee's decedent suffered an accident arising out of his employment, which resulted in his death. Appellant contends there is no evidence of any accident, and that the only reasonable inference to be drawn from the evidence is to the effect that decedent died solely from natural causes.

In passing upon the questions presented by appellant's assignment of error, based upon appellant's contention that there is no evidence that appellee's decedent suffered an accidental injury within the meaning of the Workmen's Compensation Act, we must consider the sufficiency of the evidence in the light of any reasonable inference which may be legitimately drawn from the record evidence by the trier of the facts, and in event of conflict we must consider only such evidence and reasonable inferences therefrom as tend to sustain the award. *Hunt* v. *Gultzwiller Baking Co.* (1937), 104 Ind. App. 209, 9 N. E. 2d 129; *Silvestro* v. *Walz* (1944), 222 Ind. 163, 51 N. E. 2d 629; *Kaiser* v. *Happel* (1941), 219 Ind. 28, 36 N. E. 2d 784.

It is necessary under the Indiana Law for a person claiming Workmen's Compensation benefits to sustain the burden of proving as one of the essential elements of recovery that the employee received an injury by accident which arose out of and in the course of his employment. *Muncie Foundry & Mach. Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Sauer* v. *Tower Mfg. Co.* (1932), 94 Ind. App. 81, 179 N. E. 801; *Matlon* v. *Matlon* (1931), 92 Ind. App. 350, 175 N. E. 369; *Swing*

v. *Kokomo Steel Wire Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *Pearson Co., Inc.* v. *McDermid* (1941), 109 Ind. App. 228, 31 N. E. 2d 642; *Burton-Shields Co.* v. *Steele* (1949), 119 Ind. App. 216, 83 N. E. 2d 623, 85 N. E. 2d 263.

In the instant case it appears from the evidence that appellee's decedent was performing the duties of his employment as a night watchman in appellant's factory. He was enroute from one key station to the next. His hat was found at the top of the steps and his nose was bruised and his lip· was cut, and his body was found slumped at the bottom of the flight of steps. All of the evidence supports the reasonable inference that he fell down this flight of steps. The stipulation as to the testimony of Dr. Bernoske that bleeding of the type of stomach ulcer from which the decedent was suffering is aggravated by shock, considered in connection with all of the other circumstances of decedent's fall down a flight of steps on the employer's premises as related in this· opinion, is sufficient to sustain the finding of the Full Industrial Board that appellee's decedent, who was afflicted with a stomach ulcer suffered an accidental injury which aggravated the decedent's said condition and resulted in his death. *Board, etc.* v. *Shertzer* (1920), 73 Ind. App. 589, 127 N. E. 843; *Youngstown Sheet & Tube Co.* v. *Tucak* (1945), 116 Ind. App. 612, 66 N. E. 2d 619; *School City of Hammond* v. *Moriarty* (1949), 119 Ind. App. 206, 85 N. E. 2d 273.

When an accidental injury concurs with an ailment in aggravating and hastening a disease to a fatal termination, the right to an award exists where such fatality would not have occurred but for such injury. *Indian Creek Coal Co.* v. *Calvert* (1918), 68 Ind. App. 474, 119 N. E. 519; *Chicago, Wil-*

*mington & F. Coal Co.* v. *Industrial Com'n* (1948), 400 Ill. 60, 78 N. E. 2d 104.

Appellant insists that the only reasonable inference to be drawn from the evidence is that the decedent died from natural causes, and that there is no evidence that the decedent's fall could have aggravated the existing stomach ulcer, and the physician called by appellant, Dr. Banks, so testified. However, from the aforementioned stipulation as to the testimony of Dr. Bernoske, there is created a conflict of medical evidence. This evidence together with the evidence of the physical facts and circumstances including the nature of the external bruise and lip injury and the presence of the large quantities of free blood in the stomach, and the reasonable inference of a fall down the flight of steps and his death from a bleeding stomach ulcer, an ordinarily non-fatal ailment, in effect, contradicts the conclusions of Dr. Banks. We cannot weigh conflicting evidence, nor choose between reasonable inferences based upon competent evidence as against the determination by the trier of the facts, which in this instance was the Full Industrial Board.

We hold there is sufficient evidence to sustain the finding and award of the Full Industrial Board.

The award is affirmed with the required statutory increase of five percent.

Crumpacker, J., not participating.

Royse, J., concurs in the result.

Draper, J., dissents with opinion.

DISSENTING OPINION

DRAPER, J.—The evidence discloses that the deceased had been bleeding internally for some sixteen

or eighteen hours before he fell. I can find no evidence whatever to support an inference either that his fall was accidental or that it resulted from a weakened and dying condition. To my mind the record leaves the cause of his fall entirely to speculation and conjecture. I would reverse on the authority of *Prudential Ins. Co. of America* v. *Van Wey* (1945), 223 Ind. 198, 59 N. E. 2d 721.

NOTE.—Reported in 88 N. E. 2d 172.