POLLOCK v. THE STUDEBAKER CORPORATION.

[No. 28,920. Filed April 30, 1952. Rehearing denied May 21, 1952.]

*Henry L. Humrichouser* and *Marvin A. Krueger,* both of South Bend, for appellant.

*Jones, Obenchain & Butler,* of South Bend, for appellee.

GILKISON, C. J.—Appellant filed his application for adjustment of claim for compensation with the Industrial Board of Indiana. Defendant did not answer, and the matter was considered as at issue by denial. The finding and award was against appellant. The material parts thereof affecting this appeal being as follows:

"It is further found that on said date the said plaintiff did not sustain an accidental injury arising out of and in the course of his employment with the defendant.

"It is further found that any physical complaints the plaintiff may have at this time are due solely to a systemic condition unconnected with his employment with the defendant herein. . . . ."

The award is that plaintiff (appellant) take nothing and that he pay the costs. From this finding and award plaintiff has appealed.

It is stipulated that at the time of his injury plaintiff was employed by appellee (defendant) at a wage

in excess of $42.00 per week, and that the parties have been unable to adjust the claim.

The undisputed evidence is that on the date of his injury, May 28, 1949, plaintiff was working at a sweeping job for defendant. While at this work he went to the elevator, pushed the button. He had a little truck filled with debris and was intending to take it down to empty it. After pushing the button he fell on the concrete floor upon the back of his head, fracturing his skull. He has not recovered mentally or physically since the injury. Some six days after the injury appellant became partially paralyzed which was caused by the injury and subsequent hemorrage and from which he has not recovered. His injuries are permanent and he cannot recover so as to again work. He was 72 years old when injured. Plaintiff does not know what caused his fall. He became unconscious with the fall, and remained unconscious or merely semi-conscious for many days thereafter.

The only question presented in the appeal is whether an injury so received by a workman while engaged in the performance of his duties is an accidental injury within the meaning of the Workmen's Compensation Law. §40-1201 et seq., Burns' 1952 Replacement.

The Industrial Board is the sole fact-finding body in a proceeding of this kind provided for by the Workmen's Compensation Law, §§40-1509 to 40-1513 inclusive, Burns' 1952 Replacement. *Blue Ribbon Pie Kitchens, Inc.* v. *Long et al.* (1952), 230 Ind. 257, 103 N. E. 2d 205 and cases there cited.

On appeal this court cannot weigh the evidence heard by the Industrial Board and determine for whom it preponderates. *Blue Ribbon Pie Kitchens, Inc.* v. *Long et al., supra; Vonnegut Hardware Co.* v. *Rose* (1918), 68 Ind. App. 385, 120 N. E. 608; *Warren* v. *Indiana*

*Telephone Co.* (1940), 217 Ind. 93, 118, 119, 26 N. E. 2d 399.

Our jurisdiction on appeal is limited only to an examination of the evidence to ascertain whether the finding of the Industrial Board does not rest upon a substantial factual foundation. We may reverse the award only if this negative situation appears from the evidence. We have heretofore held that this situation would be shown only: (1) If it should appear that the evidence upon which the Industrial Board acted was devoid of probative value; (2) That the quantum of legitimate evidence was so proportionately meagre as to show that the finding does not rest upon a rational basis or; (3) That the result must have been substantially influenced by improper considerations. *Blue Ribbon Pie Kitchens, Inc.* v. *Long et al., supra; Warren* v. *Indiana Telephone Co., supra,* pp. 118, 119.

This court frequently has said that the Workmen's Compensation Law is grounded in justice and should be liberally construed to accomplish the end for which it was enacted. *Blue Ribbon Pie Kitchens, Inc.* v. *Long et al., supra* and cases there cited. This is a rule and guide for all authorities charged with the administration of the Workmen's Compensation Law, with special application to the considerations of the Industrial Board in making its findings of facts in cases which it tries. When it has been governed by this rule of liberal construction of the evidence, the courts of appeal generally have approved findings so based. It has found against the claimant. We cannot say that the evidence upon which the board acted was without probative value; that the quantum of evidence was so meagre as to show that the finding does not rest upon a rational basis; or that the finding was influenced by improper considerations.

Finding no error the award is affirmed.

Bobbitt, J., concurs in result.

Draper, J., dissents with opinion.

## DISSENTING OPINION

DRAPER, J.—The question presented seems to me to be one of law, and not one of fact. The problem is whether, under the undisputed facts, the workman is entitled under the law to be compensated for his injuries.

Although in the past I have taken a more narrow view, as might be indicated by my dissent in *Reliance Mfg. Co. v. Ofcharchak* (1949), 119 Ind. App. 610, 88 N. E. 2d 172, I believe the opinion and decision of the Appellate Court, as reported in 97 N. E. 2d 631, is in accord with the modern trend of judicial thought. I would prefer to deny transfer.

NOTE.—Reported in 105 N. E. 2d 513.