TACKETT *v.* BIDFORD CONSTRUCTION AND REMODELING CO.

[No. 569A83. Filed December 22, 1969. Rehearing denied February 4, 1970. Transfer denied May 11, 1970.]

*John F. Townsend, Jr., Townsend and Townsend,* of Indianapolis, for appellant.

*Geoffrey Segar, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

CARSON, J.—This was an action brought by appellant against appellee before the Industrial Board of Indiana on appellant's Form No. 9 application. The issues were formed by appellant's application which alleged that he suffered a broken right leg and ankle by reason of an accident arising out of and in the course of his employment by defendant-appellee and that he was, therefore, entitled to receive compensation. The defendant-appellee denied liability. A hearing was held before a single member of the Board who found against the plaintiff-appellant in that he was an independent contractor and not an employee. The matter was thereafter set down for hearing and review before the Full Board and the finding of the Full Board was to the effect that appellant was not an employee but was an independent contractor, and the Board affirmed the finding of the hearing member.

Within the time allowed by statute, the bill of exceptions was tendered, signed by the Board, filed in this court and made a part of the record in this appeal.

The questions presented in this case are brought to us by appellant's sole assignment of error, "[t]hat the award of

the full board is contrary to law." This assignment of error presents the full question for our consideration.

The sole evidence in the case is the evidence of the claimant on direct examination, cross-examination and redirect examination, and the filing of claimant's Exhibit No. 1, followed by defendant's evidence which consisted solely of direct examination of claimant as the defendant's witness, the cross-examination by claimant's attorney and the redirect examination by the defendant's attorney.

All the evidence contained in the record upon which the hearing member made his determination and upon which the Full Board made its review and determination denying compensation to appellant was the evidence of appellant as his own witness and as a witness for the defendant.

Following is a portion of the testimony from appellant's brief:

"My work consists of putting aluminum siding on the sides of homes. I use a skill saw, hammer, knives to cut with, square and all the tools. I furnish my own tools. I also furnish my own equipment. We go into the office and they give us an address to go to and we go out to the job. They call in for us to pick the material up and we go and pick this material up, go and do the job and after we get the job done we come into the office and they figure it and give us our pay. Of course, first before we get out [our] pay, they take the first 3% off for insurance and then give us the rest. I get to the job by driving my truck. I pay for my own gas and oil. Sometimes I work from daylight to dark. You go out to the job and you just work it until you get it done. If you get 10 hours in you got a long day. You set your own time. Nobody from Bidford Construction Company is there with me when I'm doing the work. I do the work according to the training I've had and learning how to put on aluminum siding. I get paid by the square and they give us $14.00 and $16.00 a square for different grades of siding. I receive that amount regardless of how long it takes me to put it up. We get paid when the job is done. After we get the job done, we come back into the office and the secretary sits down and figures up the whole job, what it comes to.

They figure out how many squares it took and then figure that up. Then he takes, and the first thing he does, he takes this 3% off of that for the insurance. And he turns around and gives us a check for what we have got coming. This 3% for insurance has been deducted on every job I have had ever since I have been in the business. Ever since I have been working for Bidford. The year I worked for George Construction Company, it was the same thing with him. They told me that the 3% was just for insurance. They did not take out Social Security. They did not take out income taxes. They did not take out Federal income taxes. They didn't take out anything but the 3%. I pay my own taxes."

Appellant presents two theories in support of his assignment of error which, in substance, state: 1) that as a matter of law appellant was an employee and not an independent contractor, and 2) that the appellee is estopped to deny the employee-status of appellee by reason of the fact that medical expenses had been paid for prior injuries and a portion of appellant's pay check was applied to insurance. We shall dispose of these questions in the order in which they are presented by appellant.

This court has repeatedly held that we are not permitted to weigh the evidence or determine the credibility of witnesses and that a finding of fact by the Industrial Board is binding on this court unless unsupported by any evidence of probative value. *Anaconda Co.* v. *Aue* (1964), 136 Ind. App. 463, 202 N. E. 2d 403.

We cannot agree with appellant that the deduction of insurance payments from appellant's pay check and the payment of medical expenses for a previous injury constitutes a waiver entitling appellant to recover in the case before us.

It was incumbent upon appellant to establish that the alleged insurance deduction was for the payment of some type of insurance premium on a policy designed to protect him as an employee. We do not think that the evidence, or any possible inference to be drawn therefrom, would support such a position.

It is well settled that the rights under the Workmen's Compensation Law have been created by statute, and our courts in interpreting the law have been liberal in protecting the rights of the employee, however, we cannot extend the coverage as urged by appellant in this case since the record does not show the purpose for which the insurance deduction was made. In *Burton-Shields Co.* v. *Steele* (1949), 119 Ind. App. 216, at page 225, 83 N. E. 2d 623, at page 627, this court said:

"Whether the Board erroneously believed that the statutory medical attention and supplies had or had not been furnished by the employer could not properly have been considered as any basis for the determination of liability. The payment of such expenses does not constitute an admission of liability under the law. *Hayes* v. *Joseph E. Seagram & Co.* (1944), 222 Ind. 130, 52 N. E. 2d 356."

For the reasons above stated, the award of the Industrial Board is affirmed. Costs v. appellant.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 253 N. E. 2d 722.