JOSEPH CALLAHAN *v.* LOVELACE TRUCK SERVICE.

[No. 2-173A22.  Filed October 17, 1973.]

*Ross McMahan, William Levy,* of Indianapolis, for appellant.

*Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, for appellee.

HOFFMAN, C.J.—Review is sought by plaintiff-appellant Joseph Callahan from an affirmative award granted by the

Full Industrial Board of Indiana (Board) against defendant-appellee Lovelace Truck Service.

The sole question presented for review is whether such award is contrary to law.

On December 7, 1970, Board entered a negative award and Callahan appealed. This court, in an unanimous decision, reversed such award and remanded the cause for proceedings not inconsistent with its opinion. See: *Callahan* v. *Lovelace Truck Service* (1971), 149 Ind. App. 314, 271 N.E.2d 734, 26 Ind. Dec. 467 (transfer denied).

On January 10, 1973, Board entered the following findings and award which, in pertinent part, read as follows:

"That on the 5th day of June, 1968, plaintiff was in the employ of the defendant at an average weekly wage in excess of the maximum; that on said date he sustained an accidental injury arising out of and in the course of his employment with the defendant; of which the defendant had knowledge and furnished and paid for the statutory medical attention and supplies.

"It is further found that plaintiff was temporarily totally disabled from February 18, 1969, through May 31, 1969, as a result of said accidental injury.

"It is further found that plaintiff's condition, as a result of said accidental injury, has now reached a permanent and quiescent state with no resultant permanent partial impairment as a result of his accidental injury of June 5, 1968.

"The Full Industrial Board of Indiana now finds for the plaintiff and against the defendant on Plaintiff's Form 9 Application filed July 25, 1969.

"*A W A R D*

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiff shall have and recover of and from the defendant compensation at the rate of $51.00 per week beginning February 18, 1969, through May 31, 1969, for his temporary total disability as a result of said accidental injury of June 5, 1968."

Appellant-Callahan contends that the uncontroverted evidence presented on his behalf indicates that he was disabled

on February 18, 1969; that he has been continuously disabled since that date and that he is disabled at the present time. Callahan further asserts that Board's determination that his disability was terminated on May 31, 1969, is not supported by any evidence in the record.

This court may not weigh the evidence nor determine the credibility of witnesses before the Board. *Tackett* v. *Bidford Const. Co.* (1969), 146 Ind. App. 193, 253 N.E.2d 722 (transfer denied); *Anaconda Co.* v. *Aue* (1964), 136 Ind. App. 463, 202 N.E.2d 403.

Moreover, review of an award by the Full Industrial Board of Indiana is confined to an examination of the evidence in order to determine whether the Board's finding was not based upon a substantial factual foundation. *Pollock* v. *Studebaker Corporation* (1952), 230 Ind. 622, 105 N.E.2d 513.

The only evidence presented at the Board's proceeding and the only evidence contained in the record before us is the uncontroverted testimony of claimant-Callahan. The record does not disclose any substantial foundation for the finding that the period of Callahan's temporary total disability terminated on May 31, 1969.

Although Callahan testified that he was declared to be totally disabled by the Veterans Administration and that he received a retroactive disability payment "back to June, '69", it would not have been proper for the Board to consider such payment in arriving at its decision.

By reason of the fact that the Board's determination is not based upon a substantial factual foundation, its award is contrary to law.

The award of the Full Industrial Board of Indiana is therefore reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Lowdermilk and Staton, JJ., concur.

NOTE.—Reported at 301 N.E.2d 801.